ROTHSCHILD v. MOSBACHER et al.

(Supreme Court, Appellate Division, First Department.   February 11, 1898.)

ACCORD AND SATISFACTION—EVIDENCE.

In an action to recover a balance due for commissions,. the defense was accord and satisfaction.   According to plaintiff's testimony, he disputed the balance shown in a statement furnished by defendants, for which they handed him a check, and said:   "That is what you are going to get.   You can take it or leave it.   If you want any more, you can sue,"—to which plaintiff replied:   "I will sue you.   I accept this thing as a part payment of what you owe me."   It also appeared that plaintiff was asked for, and refused to give, a receipt in full.   *Held*, that the question whether the check was delivered on condition that its acceptance and use were payment in full was properly submitted to the jury, and that their finding for plaintiff was sustained by the evidence.

Appeal from trial term.

Action by Julius Rothschild against Samuel Mosbacher and Sigmund Herzfelder.   From a judgment entered on a verdict, and from an order denying a new trial, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Austin G. Fox, for appellants.
Hermon Aaron, for respondent.

McLAUGHLIN, J.   This action was brought to recover a sum alleged to be due for commissions on sales made by the plaintiff for the defendants between 1890 and the close of the year 1893.   The plaintiff had a verdict, and from the judgment entered thereon the defendants appealed.   But one question is presented which calls for a review by this court, and that is whether the delivery of a certain check to the plaintiff, and the receipt and subsequent use of it by him, amounted in law to an accord and satisfaction.   The defendants contend that it did, and that, therefore, the trial court erred in denying the motion made at the close of the evidence to dismiss the complaint.   The transaction, as detailed by the plaintiff, of the receipt and subsequent use of the check by him, was substantially this:   That he went to the defendants' office near the close of the year 1893, and asked them for the balance then due him.   That the defendants thereupon directed their bookkeeper to, and he did, make up a statement, and hand it to the plaintiff.   That he then handed it to one of the defendants, at the same time saying that it did not correctly show his balance.   The defendants made no reply, but, instead, again handed him the statement, together with a check for the amount called for by it.   That the plaintiff then said: "This is not the balance of my account, and you know it;" to which the defendant Mosbacher replied: "That is what you are going to get.   You can take it or leave it.   If you want any more, you can sue me;" and the plaintiff replied: "I will sue you.   I accept this thing as a part payment of what you owe me."   If the jury believed this testimony, then the acceptance and subsequent use of the check by the plaintiff clearly did not amount to an accord

and satisfaction, because it was neither delivered to the plaintiff, nor accepted by him, with the intent on the part of either of the parties that it should be so considered.   On the contrary, the right to bring an action to recover the balance alleged to be due was expressly reserved to the plaintiff.   In this connection it is also to be noted that the defendant Mosbacher testified that, when the check was handed to the plaintiff, he asked him for a receipt in full, which he declined to give.   To make out the defense here relied upon, says the court of appeals, "the proof must be clear and unequivocal that the observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditors might keep the money tendered, in case he did not assent to the conditions upon which it was offered."   Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034.   The trial court could not say that the proof in this case came up to this requirement.   It was a question for the jury to determine whether the check was delivered to the plaintiff upon the condition that its acceptance and use by him was a payment in full; and they have found that it was not, and their finding is sustained by the evidence.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

INGRAHAM, J.   I concur in the affirmance of this judgment. The only question presented on the appeal is whether the plaintiff's claim was extinguished by his retention and collection of a check which had been tendered as payment in full of his unliquidated demand.   The appellants claim that on the respondent's own testimony a new trial should be ordered, as the verdict of the jury on this question was against the weight of evidence, and because the case was submitted to the jury on an erroneous theory of law.   The answer set up an accord and satisfaction.   The court submitted to the jury several distinct questions, the one relating to this defense being, "Did plaintiff receive the check offered him in December, 1893, upon the condition that it was to be in full of his account with defendants?"   The jury answered, "No."   Upon this question the court charged the jury as follows:

"The sixth question relates to that final transaction which I alluded to in the beginning of my address,—the final transaction in which he received the check of $837.15.   The defendants claim that that was a full settlement, and the plaintiff denies it.   Now, whether it was a full settlement or not depends upon what took place between the parties at the time.   The plaintiff went there, and asked for a statement of his account, and for a payment of what was due to him; and he received a statement showing a balance of $837.13, and he received a check.   The defendants say that they told him that that check was to be in full, and he was to take it or leave it.   Now, while he disputed the amount due to him, nevertheless he took it and used it.   If there is a dispute between two parties upon the sum payable from one to the other, and the debtor offers or tenders to his creditor a certain sum, and annexes to it a condition that it is to be received in full, and it is taken, then the law says that it is to be deemed a payment in full, and an acceptance in full; and that is the case whether you write a letter to your creditor, inclosing the check which you offer him in full, or whether you hand to him personally a check, and tell him that, if he takes it, he must take it in full.   In either case, if he accepts it and retains it, then he

has no further claim. But if he declines to accept it, and you agree to his retaining it as part payment, then he may maintain an action for whatever he can substantiate as the amount due him."

I think this was a correct statement of the law, and it does not appear that the defendants objected or took any exception to it. To make out an accord and satisfaction, it is necessary that there should be a new agreement, and the performance thereof. Jaffray v. Davis, 124 N. Y. 164, 26 N. E. 351. "If the claim is unliquidated, the acceptance of a part, and an agreement to cancel the entire debt, furnish a new consideration, which is found in the compromise. A demand is not liquidated, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction." Nassoiy v. Tomlinson, 148 N. Y. 330, 42 N. E. 716. Here, upon the entire testimony, I think it was a question for the jury to say whether there was a new agreement, under which this check was received. If the jury believed the plaintiff's version of what took place when the check was delivered, the question then was whether the condition upon which it was delivered and received was that it was to be received in full for plaintiff's demand, or whether the liability of the defendant for the balance claimed by plaintiff was still an open question, which plaintiff would have to have determined by an action at law, if he wished to enforce it. And that was a question of fact, as to what the parties did understand as the condition upon which the check was delivered. It cannot be said that upon plaintiff's testimony it appeared that the condition that the check was to be received in full payment was imposed by defendant, and so understood by plaintiff, as plaintiff testified that defendant said: "If you want any more, you will have to sue for it;" that plaintiff answered: "I will take this as part payment, and sue for the balance;" to which defendant replied: "You can do as you please about it. I have got the money, and you have got it to get."— without demanding back the check which he had delivered to plaintiff, or without making an objection to its retention on those terms. An agreement involves what is described as a "meeting of the minds" of the parties to it; and, to establish that, it was necessary that it should appear that the defendants delivered the check to the plaintiff upon condition that an acceptance of it canceled the entire debt, and that plaintiff, understanding that condition, accepted the check, thus acquiescing in the condition imposed by the defendants. Whether or not there was such an agreement in this case was for the jury. If the check was delivered and received with the understanding that the liability of the defendants for the balance claimed was to be subsequently determined by a suit at law, or in any other way, and that understanding was the result of what was said when the check was tendered and received, then it is clear that there was no new agreement, and no accord and satisfaction; and, the jury having found that the plaintiff did not receive the check upon condition that it was to be in full of his account with defendants, the de-

fense was not sustained. The appellants conceded on the argument that the verdict of the jury was conclusive as to the amount actually due to the respondent; and, upon the finding of the jury, the plaintiff was clearly entitled to recover.