gagees.    Neither of these parties has any right to this property as against these plaintiffs, if they are in fact the owners of the property.    It has been taken from them without the payment of just compensation, and the plaintiffs are entitled, on establishing their rights to the property, to a judgment against any and all persons or corporations who are in possession of their property.    In other words, the defendant corporation, owning no title to the property of these plaintiffs, could not have mortgaged it to the mortgagee.    He has no better title than the mortgagor, and these plaintiffs have a clear right to reach any and all parties claiming or exercising rights over their property, or to follow it into the hands of the purchasers of the property of the defendant company.    Their claim, if it has any existence, is a lien upon the property in whatever hands it may be found, and is ahead of all mortgages which the railroad company may have given.    As was said in the case of Lynch v. Railway Co., 129 N. Y. 274, 29 N. E. 315:

"The action was one purely for a court of equity; for the main relief sought was an injunction against the defendants, restraining them from maintaining and operating their elevated railroad.    To the assertion of this ground for the equitable interference of the court, the facts in the complaint were marshaled, and to the necessity for granting that species of relief every allegation of the complaint was framed and calculated to lead.    There was but one cause of action stated in this complaint, and that was the claim for relief against the continued trespass upon the complainant's properties.    The demand for past damages, included in the prayer for judgment, does not have the effect to set up an independent cause of action.    It is nothing more than a demand that the court, having adjudged the plaintiff entitled to the equitable relief prayed for, and having acquired entire jurisdiction of the action, will assess the damages which appear to have been sustained down to the trial."

That is the situation in the case at bar.    There is but one cause of action set up in the complaint, and that is for an injunction restraining the defendants from using the property of the plaintiffs without the payment of just compensation.    The receiver, as the temporary manager of the railroad, and as the holder of some part of the assets of the defendant company, is a proper party to this action; and it cannot be assumed that a court of equity, in rendering its judgment, will fail to discriminate as between the defendants in doing justice to all parties.

The judgment of the special term overruling the demurrer, with the modification suggested as to the first ground of the demurrer, is affirmed.    All concur.

(23 Misc. Rep. 358.)

STROCK v. BRIGANTINE TRANSP. CO.

(Supreme Court, Appellate Term.    April 27, 1898.)

1. ACCORD AND SATISFACTION.

To establish an accord and satisfaction through the retention by a creditor of a check sent by the debtor for a portion of the amount claimed, it is necessary that the payment be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition.

2. SAME—CREDIT ON ACCOUNT.

In such a case, if the creditor, in good faith, offers to retain and credit on account the payment thus made, the debtor's failure to reply may, in given instances, authorize an assumption of his acquiescence in this counter proposition, to the extent of depriving the transaction of the character of an account stated.

Appeal from Second district court.

Action by Schuyler C. Strock against the Brigantine Transportation Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Edward Russell, for appellant.

Henry R. Twobly, for respondent.

GIEGERICH, J. This action was brought to recover a balance claimed by the plaintiff to be due for goods, wares, and merchandise, consisting of wooden poles, ties, and lumber. The answer denies any indebtedness, alleges payment, and sets up an accord and satisfaction, together with an agreement between the parties whereby the goods were to be delivered at the Belmont Station, in the city of Philadelphia, state of Pennsylvania, and that the defendant was to be allowed, on account of the purchase price, all moneys paid for freight and charges thereto, and claiming that, after such deduction, nothing remains due to the plaintiff.

There was a sharp conflict of testimony upon the question whether, as claimed by the defendant, the timber should be delivered at the Belmont Station, or whether, as contended by the plaintiff, the former was bound to receive it at any station in Philadelphia. A finding either way would have been warranted, and, the justice having found for the plaintiff upon a conflict of evidence, we should not disturb his conclusion respecting this subject in the absence of the elements which are requisite to a review of the facts. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731.

Another question presented by this appeal is whether an accord and satisfaction was so conclusively established by the evidence as to leave no question of fact for the trial justice upon the subject. The evidence regarding this question was substantially as follows:

Prior to the 28th day of July, 1897, Mr. Cook, the defendant's president, stated to the plaintiff that he would not pay him any more than the sum of $493.28, to which the plaintiff replied that he would not accept that sum as full payment. The language used by Mr. Cook was: "I will make out an order on my treasurer for the amount. You can accept that or do as you —— please." Whereupon the plaintiff said that he would accept it only as partial payment. On July 30, 1897, the treasurer of the defendant addressed a letter to the plaintiff in the following words: "I inclose herewith check for $493.28, in settlement of the accompanying bills and statement, which kindly receipt, and return promptly." The statement thus inclosed showed, according to the claim of the defendant, that the amount due was $493.28.

On the 4th day of August of the same year, the plaintiff addressed a letter to the treasurer of the defendant, in which he acknowledged the receipt of his letter with the inclosures, and then proceeds to say:

"You say it is in full settlement of the bills, which is incorrect. The amount is insufficient, and I have therefore placed it to your credit as part payment on account only pending full settlement. Kindly send me an itemized statement, together with receipted freight bills, &c., of the items deducted, in order that I may check them over. You have submitted absolutely nothing as authority for making deduction from my invoice. I return bills to you pending payment in full. I have stated my position in this matter in a letter to Mr. George H. Cook, Pres. of your company, under date of July 28th, and will mail you a copy if desired. I ask, therefore, that you make full settlement in accordance with the contents of that letter, as the whole account is past due."

To this letter no response was ever made.

This constitutes the entire evidence in the case upon this subject, and, as the defendant relies upon it in support of his plea of an accord and satisfaction, the only question presented for our consideration is whether, in any aspect of the case, the trial justice was justified in holding, as he did, that this defense had not been made out. The law upon the subject has recently been a matter of much discussion, and the question is often a nice one, owing not so much to any uncertainty as to the fundamental principles, which are reasonably well established, as to the difficulty in applying them to the ever-varying facts which individual cases present. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715; Rothschild v. Mosbacher, 26 App. Div. 167, 49 N. Y. Supp. 698.

In the case of Fuller v. Kemp, supra, the court says (page 238, 138 N. Y., and page 1035, 33 N. E.):

"In Preston v. Grant [34 Vt. 201], the supreme court of Vermont very sharply, and, as we think, correctly, defined the line of discrimination which separates this class of cases from those where the defense fails. Judge Pierpont, delivering the opinion of the court, at page 203, says: 'To constitute an accord and satisfaction, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition. When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept it upon such condition. If he takes it, his claim is canceled; and no protest, declaration, or denial of his, so long as the condition is insisted on, can vary the result. The principle is too well settled in this state to require either argument or the citation of authorities to support it.' "

If, in the case at bar, defendant had answered plaintiff's letter, stating that it still insisted upon the payment of the money in question in full satisfaction of plaintiff's claim, and the plaintiff had then persisted in retaining the money which had been sent him, there can be no doubt of the fact that there would then have been a complete accord and satisfaction, which would have barred any recovery in this action. The only question, then, for us to consider, is whether, under the circumstances of the case, the defendant was not bound to advise the plaintiff that it could not accede to his proposition. There can be no doubt about his good faith in the matter. The record shows the existence of a bona fide dispute between these

parties with respect to the amount of freight which, under the contract between them, was properly chargeable to the plaintiff. The freight in question had been paid by the defendant, and the plaintiff naturally went to its officers for the purpose of an accounting and a liquidation of the amount to which he was entitled upon a statement of the transactions between them. The account that was presented to him upon which the defendant stood did not give the particulars of the items in such form that the plaintiff was able to determine their accuracy, although apparently he knew that he was entitled to a larger amount than the bills shown by the defendant. He was ignorant of the details upon which the defendant apparently relied in support of its account, and it was under these circumstances that he stated to Cook, the defendant's president, that he would not accept the balance shown him in full of the account, but only as a partial payment. Although Cook did not accede to this proposition, and his refusal was followed by the letter above quoted from the treasurer of defendant, it was quite reasonable for the plaintiff to infer from the failure of the defendant's treasurer to answer his letter of August 4th that his appropriation of the money as a partial payment, and not as a settlement in full, was acquiesced in. There had been no satisfactory accounting between the parties. The plaintiff was still asking for an itemized statement, with proper vouchers, to the end that a satisfactory and accurate adjustment of their transactions might be had; and when, in connection with this, he stated that he placed the amount which had been sent him to the credit of the defendant, "as part payment on account only pending full settlement," the defendant should have advised him in return that the question was no longer an open one, that they would go no further in the matter, and would insist upon his acceptance of the amount which had been sent to him in full settlement or not at all. Had this been done, doubtless the plaintiff would have returned the amount; and, if he had done so, the defendant, we think, would have been obliged to accept it, or, failing to do so, could not then have established an accord and satisfaction. It was a matter of fair deduction from the evidence that the failure of the defendant to reply to his letter justified a belief on the part of the plaintiff that his proposition was acceded to.

In the case of Fuller v. Kemp, supra, the court says (page 238, 138 N. Y., and page 1035, 33 N. E.):

"To make out the defense, the proof must be clear and unequivocal that an observance of the condition was insisted upon, and must not admit of the inference that the debtor intended that his creditor might keep the money tendered in case he did not assent to the condition upon which it was offered."

We do not think that the proofs in this case respond to the test thus given. It cannot be said that an inference is not permissible that the defendant acquiesced in the disposition of the matter which was made by the plaintiff. In the case last quoted, where the creditor wrote to his debtor stating that he declined to accept a check in full payment, but had appropriated it as a partial payment of his claim, the court intimates (page 236, 138 N. Y., and page 1035, 33 N. E.) that, had the debtor remained silent, it might have been

presumed that he assented to the use which the creditor had made of the check.

In the case of Nassoiy v. Tomlinson, supra, where a similar letter was sent by the creditor, accepting, as a payment on account, a check which had been forwarded to him in full settlement of his claim, the debtor promptly replied, refusing his assent, and insisting that his debt was paid. The court held that the declaration of the creditor was "ex post facto, and could have no effect unless acquiesced in by the defendants," and the reply of the latter is referred to in refutation of any possible claim that there was any such assent.

There may be cases where the creditor would not be justified in assuming an acquiescence from a failure to reply to such declarations. We think, however, that in the case at bar the letter of the plaintiff referred to called for an answer, and that it cannot be said, considering all the circumstances of the case, that he was not entitled to assume that his proposition was acquiesced in because of the defendant's failure to reply.

We have also examined with great care the other exceptions taken at the trial, and the points raised on this appeal, and fail to discover the existence of any substantial error which would require a reversal of the judgment.

The judgment should therefore be affirmed, with costs. All concur.