### JACOBY v. BLACK.

(Supreme Court, Appellate Term. December 22, 1909.)

ACCORD AND SATISFACTION (§ 1*)—SUFFICIENCY.

Plaintiff assigned an endowment policy as security for a loan. On maturity of the policy defendant collected it, sending plaintiff a statement of the balance he claimed to be due the latter, together with a check for such amount. A dispute arising as to the amount due, plaintiff said he would keep the check and sue for the balance whereupon defendant told him to sue. Held, that there was no accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 1–13; Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Gustav Jacoby against Henry M. Black. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Isaac V. Schravrien, for appellant.

Reeves, Todd & Swain (Ambrose G. Todd, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. At the close of the plaintiff's case a motion was made to dismiss the complaint. No grounds were stated, but the court immediately granted such motion and the plaintiff excepted. The plaintiff then moved to be allowed to go to the jury upon a question of fact, which was also denied and exception taken. The respondent's attorneys claim that the testimony of the plaintiff shows an accord and satisfaction of his claim. There is nothing in the record showing that such a defense was pleaded. The respondent's brief is, to say the least, disingenuous. It declares that, "before proceeding to hear the plaintiff's testimony, the court permitted the defendant to amend and file an amended answer." There is an amended answer attached to the original answer, with a notice to the plaintiff attached thereto to the effect that a motion to amend would be made, but it bears no file marks, and there is nothing whatever in the return showing that a motion was made so to amend nor is there anything in the record showing, as stated in respondent's brief, "that plaintiff consented to such amendment." Moreover, the testimony of the plaintiff utterly fails to show an accord and satisfaction of his claim.

Briefly stated, the testimony is this: Plaintiff had an endowment policy upon his life maturing in the near future. He procured a loan from the defendant, and assigned him the policy as security therefor. There was also another lien upon the policy for a small amount. When the policy matured, the amount was collected by the defendant, who later sent the plaintiff a statement of the balance claimed by the defendant to be due the plaintiff. This statement was accompanied by a check for the amount defendant claimed was due plaintiff. The plaintiff thereupon called upon the defendant with the check, and claimed that the defendant had charged to him certain sums which he had no right to do. A dispute regarding these items arose, and finally the plaintiff said he would keep the check and sue the defendant for the balance claimed by him, and the defendant said: "Go ahead and sue." This is far from constituting an accord and satisfaction. Strock v. Brigantine Co., 23 Misc. Rep. 358, 51 N. Y. Supp. 327; Harby v. Henes, 45 Misc. Rep. 366, 90 N. Y. Supp. 461.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

GOFF, J., concurs.

LEHMAN, J., concurs on last ground only.