(45 Misc. 366).

## HARBY v. HENES.

(Supreme Court, Appellate Term. November 10, 1904.)

1. ACCORD AND SATISFACTION—WHAT CONSTITUTES.

The acceptance by the creditor of a check from the debtor, written as "in full payment," with immediate notice to the debtor that action would be brought for the balance claimed, is not an accord and satisfaction.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Rose Phillips Harby against Julia P. Henes. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Thomas W. Butts, for appellant.
M. E. Harby, for respondent.

FREEDMAN, P. J. This case comes up upon an agreed state of facts. The defendant leased certain premises of the plaintiff, the lease describing the same as "the furnished cottage known as the Ryan Cottage." The rent was $1,600, payable $400 on signing the lease; $400 on taking possession June 1, 1903; $400 on July 1, 1903; and $400 on August 1, 1903. At the time the tenant took possession, June 1, 1903, she claims to have found several necessary articles missing from the house that were there when leased, and also that it needed some other articles furnished and work done to make it a "furnished house," in the ordinary acceptance of that term. She immediately demanded that such articles should be furnished and work done by the plaintiff. The plaintiff repudiated this claim, and asserted that the articles were in the house when

¶ 1. See Accord and Satisfaction, vol. 1, Cent. Dig. §§ 76, 78, 92, 93.

leased, and denied that they were necessary to constitute it a furnished house. Thereupon the defendant notified plaintiff that, "if you do not attend to these matters promptly, I will be compelled to order the above-mentioned work done, and, whatever expense I incur, will deduct from the rent." This right was denied by the plaintiff. On June 25th the defendant sent her check to the plaintiff for the sum of $293.09; being the $400 due June 1, 1903, less $106.91, the amount claimed to have been paid by defendant for repairs and articles not in the cottage when leased. Plaintiff acknowledged the receipt of the check, but disputed the defendant's right to make such deduction, except as to one item, of $2.25; stated that she would credit defendant with the amount of the check on account of rent due June 1st, and asserted that if the balance, amounting to $104.66, was not promptly paid, a suit would be instituted to recover it. July 1, 1903, defendant paid $400, the third installment of rent due. On July 2, 1903, the defendant, through her agent, replying to plaintiff's statement made in June that "she had credited defendant with her check of $295.34, and claiming a balance still due of $104.66," informed plaintiff, in substance, that she had paid her previous installment of rent in full, and that, if plaintiff "cannot see it in the light, she [defendant] will fight the case in the courts." In answer to this, plaintiff again wrote, maintaining her original position, and also stated that she had credited defendant's payment of $400 made on July 1st as part payment of her indebtedness. On August 7, 1903, defendant sent her check for $390.05, which bore upon its face this endorsement, "Payment in full," and with the check inclosed a bill of articles purchased and work done by her, and also a letter from her agent saying, "Enclosed find check from Mrs. Henes, payment in full for rent of cottage." Plaintiff thereupon wrote defendant, acknowledging the receipt of the check, but saying that suit would be brought to recover the balance of rent due. The check was retained by plaintiff, and cashed by her on August 14, 1903, without further communication being had between the parties, until in September the plaintiff notified the defendant that a prompt delivery of possession and the keys of the cottage would be expected at the termination of the lease, and added:

"This formal notice is given you because you claim to have supplied the cottage with things, the cost of which you seek to have allowed to your account of rent. This will not be done, on the contrary, a suit will be brought to recover such amount as you have not paid on account of rent. Consequently said articles are your own property and if you leave them in the cottage, it will be at your own risk."

This action was begun in March, 1904, and plaintiff recovered a judgment on the foregoing facts for $104.91, the amount claimed by her to be due for the rent aforesaid.

The defendant insists, as a matter of law, that the facts above stated constitute an accord and satisfaction. We think not. "In order to constitute an accord and satisfaction, the debtor and creditor must mutually agree as to the allowance or disallowance of the respective claims." Komp v. Raymond, 175 N. Y. 102, 113, 67

N. E. 113. This agreement on the part of the creditor may be inferred where he retains a check sent him as payment in full, and, without protest, appropriates the proceeds. In the case at bar the controversy over the right of the defendant to deduct a portion of the rent concededly due began June 1st, and when the rent for June was paid the defendant was informed that the amount sent by her would be credited, and the balance collected. To this disposition of her check she practically acquiesced, as by her letter of July 2d she only proposes to "fight the case in the courts." She was informed that the same disposition would be made of her July check, and the only basis for her claim of an accord and satisfaction is that the check of August 6th, which check contained the words "payment in full," and which was accompanied by the letter stating that such check was "in full payment for rent of cottage," was retained and cashed by plaintiff. But it must be borne in mind that such retention and acceptance was in accordance with what plaintiff had previously done, and in which the defendant had substantially acquiesced, and, moreover, plaintiff did not remain silent. She immediately notified defendant that suit would be brought to recover the balance of rent due, and to this letter defendant remained silent.

If by retaining and using the check of August 6th a legal inference might be drawn to the effect that plaintiff agreed to accept the same in full satisfaction of her debt, surely an inference that she did not so agree may be drawn from her letter immediately informing defendant that she would sue for the balance of her claim. Concededly, plaintiff had not been paid more than her due. The covenants of the lease required the payment of the sum of $400 per month. Defendant knew that this amount had not been paid, and her contention rested upon at least a doubtful claim, and the court should not seek for inferences whereby just claims may be defeated. In Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 298, 51 N. E. 986, the court said that the doctrine of accord and satisfaction, as set forth in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, and Nassoig v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, "was carried to the extreme limit, and it is not our purpose to extend the rule"; and it was further said in the same case (page 300, 157 N. Y., page 989, 51 N. E.) that, to constitute an accord and satisfaction, "the minds of the parties must meet in making the agreement, the same as in other agreements." To create a contract by implication, there must be an unequivocal and unqualified assertion of a right by one of the parties, and such silence by the other as to support the legal inference of the acquiescence. Gray v. Kaufman Dairy T. C. Co., 162 N. Y. 388, 397, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327. Here there was an express repudiation by the plaintiff of any intent to receive the check in full payment. This case presents no stronger evidence tending to show an accord and satisfaction than does that of Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113, cited and approved in Simons v. Legion of Honor, 178 N. Y. 263, 70 N. E. 776, in which case a claim of accord and satisfaction was not al-

lowed. In the case at bar both parties evidently contemplated a resort to a court of law to ascertain whether or not the defendant was justified in refusing to pay a balance of rent which she had covenanted by written agreement to pay, and it cannot fairly be. said that the plaintiff consented and agreed to relinquish her claim, repeatedly made, by retaining and using the check of August 6th, and. at the same time notifying the defendant of her intention to bring suit. The letter so informing the defendant of such an intention was, in substance, a notice to the defendant that the same course of crediting her with the last check would be followed as had been pursued with the former checks, and that action would be brought to recover the amount claimed as a balance due the plaintiff.

Judgment affirmed, with costs. All concur.