(83 Misc. Rep. 453)

GROSSMAN BROS. & ROSENBAUM v. PHILLIPS et al.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

1. ACCORD AND SATISFACTION (§ 11*)—WHAT CONSTITUTES.

In an action by contractors for extra work, where defendants sent a check for the balance of the price due under the contract and marked thereon that it was in full for all work done upon the building, but plaintiffs did not deposit the check until it was agreed that defendants should adjust their claim for extra work, there was no accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

2. EVIDENCE (§ 441*)—DOCUMENTARY EVIDENCE—PAROL EVIDENCE TO VARY.

A written contract governs, and evidence of prior verbal negotiations cannot be allowed to alter its terms.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Grossman Bros. & Rosenbaum against Moses H. Phillips, Isaac L. Phillips, Max Phillips, David F. Phillips, and Abraham Phillips, copartners doing business as the Phillips Jones Company. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Samuel B. Pollak, of New York City, for appellants.

H., I. & L. Cohen, of New York City, for respondents.

BIJUR, J. This action is brought to recover for two items of extra work done in connection with a written contract for the installation of certain stairways on defendants' premises. The defenses are in substance accord and satisfaction and a claim that the items claimed as extra work were included in the contract between the parties.

[1] It is evident that there was no accord and satisfaction, because, although defendants sent a check for the balance of the contract price to plaintiff and marked thereon that it was in full for all work done in the building in question, plaintiff showed that he did not deposit this check until he had had a conversation with defendants' representative to the effect in substance that he would not accept it in settlement but only on condition that defendants would thereafter take up the adjustment of the claim. The correspondence between the parties fully confirms this version and indicates, independently of such confirmation, that the defendants, more than two weeks after the deposit of the check, did not regard plaintiff's claim as having been settled thereby. See Harby v. Henes, 45 Misc. Rep. 366, 90 N. Y. Supp. 461; Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986; Komp v. Raymond, 175 N. Y. 102, 67 N. E. 113; Simons v. Supreme Council, 178 N. Y. 263–269, 70 N. E. 776; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61.

[2] Defendants admitted on the trial that the items of extra work were not included in the written contract but claimed that they were included in the alleged actual contract between the parties owing to conversations that preceded the making of the written contract. The introduction of the evidence as to these conversations was duly objected to by plaintiff's counsel, and the same should have been excluded. In any event, the subsequent written contract governs. Morowsky v. Rohrig, 4 Misc. Rep. 167, 169, 23 N. Y. Supp. 880.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.