## SHERMAN v. PACIFIC COAST PIPE CO.

No. 5346—Opinion Filed May 9, 1916.

Rehearing Denied July 25, 1916.

(159 Pac. 333.)

### Accord and Satisfaction—Compromise and Settlement—What Constitutes.

While, if a demand is unliquidated or disputed, payment and acceptance in discharge of the same of a less sum than that claimed will constitute an accord and satisfaction, yet in cases where the debt is liquidated and is due (except where changed by statute) the general doctrine is applied that payment by the debtor and receipt by the creditor of a part thereof is not a satisfaction of the whole, unless it be made on some new consideration, such payment operating only as a discharge of the amount paid, and the creditor may maintain an action for the balance.

(Syllabus by Bleakmore, C.)

Error from District Court, Oklahoma County: W. R. Taylor, Judge.

Action by the Pacific Coast Pipe Company, a corporation, against N. S. Sherman, doing business as the N. S. Sherman Machine & Iron Works. Judgment for plaintiff, and defendant brings error. Affirmed.

Oliver C. Black and Welty & Orr, for plaintiff in error.

Harris, Nowlin & Singleton, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Oklahoma county by defendant in error as plaintiff against plaintiff in error as defendant to recover an alleged balance of the purchase price of certain wood pipe sold and delivered by plaintiff to defendant. The parties are referred to as they appeared below. The defense pleaded is an accord and satisfaction. There was judgment for plaintiff, and defendant has appealed.

Plaintiff contracted with defendant to deliver to him at agreed prices certain wood pipe on board the cars at Ballard, Wash., to be used by defendant in the construction of waterworks system at Teague, Tex. The pipe was shipped at divers times, and was received and used by defendant in the installation of said waterworks system. An account of each shipment was rendered, and forwarded by mail to defendant, and retained without objection on his part. Defendant contends that there was an overcharge of $312.24 in the aggregate amount of the account, and also that by reason of certain defects in the pipe and the failure of the plaintiff to furnish a competent person to superintend the laying thereof defendant was damaged in the sum of $2,396.07. There was correspondence between the parties, but no complaint was made of any overcharge or defect in the pipe on the part of defendant. The entire indebtedness being past due, plaintiff in an effort to secure its payment presented its verified claim therefor to the city of Teague. Thereafter defendant telegraphed plaintiff as follows:

"The Western Union Telegraph Company,
"Teague, Tex., May 21, '09.
"Pacific Coast Pipe Co., Ballard, Wash.:
"Wire release claim filed with city and draft in full will come forward next week on acceptance plant otherwise time of your settlement indefinite. Act quick.
"N. S. Sherman."

Plaintiff answered:

"The Western Union Telegraph Company,
"May 21, 1909.
"To N. S. Sherman, Jr., Teague, Texas:
"Will wire release upon bank guarantee our account paid in full next week. Your indifference toward our account and withholding expense bills causes our action.
"Pacific Coast Pipe Co."

Four days later the plaintiff received the following telegram:

"The Western Union Telegraph Company,
          "Teague, Texas, June 5, 1909.
"Pacific Coast Pipe Co., Ballard, Wash.:

"We hold money to pay your claim by check on us in your favor. Draw for account in full.    First National Bank of Teague."

Whereupon plaintiff made draft through such bank for the amount of its account, which draft was subsequently dishonored. On May 26th following defendant wrote plaintiff as follows:

"N. S. Sherman Machine & Iron Works.
          "Oklahoma City, May 26, 1909.

"Pacific Coast Pipe Co., Ballard, Wash.— Gentlemen: The writer has just returned from Teague, Texas, and we are handing you herewith freight expense bills covering the last three cars of pipe, same being for $273.90, $298.65, and $285.15, respectively. The writer regrets very much that you saw fit and proper to file a bill with the city. However, we will take this matter up with you in a further communication during the present week.

          "Yours very truly,
     "N. S. Sherman Machine & Iron Works,
"Dict. NSS-D.        By N. S. Sherman, Jr.
"Inclosure."

On July 3d defendant telegraphed plaintiff:

"The Western Union Telegraph Company.
          "Oklahoma City, Okla., July 3, '09.
"Pacific Coast Pipe Co., Ballard, Wn.:

"Yours twenty-fourth mail full settlement Monday.            N. S. Sherman."

On July 14th he again telegraphed:

"The Western Union Telegraph Company,
          "Oklahoma City, Okla., July 14, '09.
"Pacific Coast Pipe Co., Ballard, Wn.:

"Check mailed have been out of town hence delay.            N. S. Sherman."

On July 15th defendant again wrote plaintiff as follows:

"N. S. Sherman Machine & Iron Works,
          "Oklahoma City, Okla., July 15, 1909.

"Pacific Coast Pipe Company. Ballard Wash.—Gentlemen: We have at last got straightened out on the Teague matter and are inclosing you herewith our check in the sum of $10,278.66, in full and complete settlement for all material furnished on or for account of Teague, Texas, waterworks system as per the inclosed statement; this without prejudice, as we feel that we are really paying you more than we should in view of all the circumstances. We have credited you with the total measurement of pipe, as allowed us by the city. This measurement includes all specials, valves, and hydrant connections, which amounts to far more than the amount of pipe that was left over, we have not credited you with the mauls and tompions, as in the first place Mr. Greenwood advised they would be furnished, and in the next place neither were of any use, except the small tompions.

"Now, as to our charge of $807.56, our pay roll and expense account shows an expenditure of $1,615.12, for cost of repairing leaks, maintenance of plant on account of leaks, caused by defective pipe, and defective instructions by your representative, to a certain extent, in our opinion, as his advice was: Fill the pipe up twice, let it soak, and then put on the pressure. This, we have discovered, will not do, as pipe that we let soak twenty days before putting on pressure gave us the least trouble; to be sure which rightfully should belong to you, further we paid Mr. Betaque the total sum of $395.76, and of this amount it is a serious question in the mind of the writer if the last payment of $289.76 would have been made, had he been at Teague, as his work was entirely unsatisfactory to the engineers, and, if drawn to a fine point, it occurs to us that you should reimburse us on this account. However, for the sake of a final settlement, we are willing to pass this, as well as for Mr. Betaque, because personally he is a fine fellow, but has a lot to learn about placing wood pipe in a complete waterworks system. We were compelled to pay quite a sum for storage, which we believe would have been unnecessary, had you followed our advice as to the shipments.

"We do not believe it is necessary to go into further details in this matter, and we believe that you can congratulate yourself that we are as liberal with you as we are in making this settlement. We certainly would 'shake' with ourselves if we had come out with the pipe laying as well. Please favor us with duplicate receipts in full.

          "Yours very truly,
     "N. S. Sherman Machine & Iron Wks.,
"NSSJr-D         By N. S. Sherman, Jr."

          "Pacific Coast Pipe Company

"Bought of N. S. Sherman Machine & Iron Works, Teague, Texas.

"We credit:

| | | |
|---|---|---|
| 430 ft. 10-200' at 56 | _____ | $ 1,960.80 |
| 15590 ft. 8-200' at 40½ | _____ | 6,313.95 |
| 5000 ft. 8-300' at 48 | _____ | 2,400.00 |
| 8091 ft. 6-200' at 29¾ | _____ | 2,406.62 |
| 9441 ft. 4-200' at 22¾ | _____ | 2,137.82 |

                              $15,219.19

"Less we debit:

| | | |
|---|---|---|
| Freight bills rendered | 4,132.97 | |
| One-half $1,615.12 | 807.56 | 4,940.53 |

                              $10,278.66"

The check inclosed was as follows:

"No. 1065        Teague, Texas, Jul. 15, 1909.
          "The First National Bank:

"Pay to Pacific Coast Pipe Co. or order $10,278.66 ten thousand two hundred and seventy-eight and 68/100 dollars, in full and complete settlement for any and all material furnished for Teague, Texas, waterworks system.

     "N. S. Sherman Machine & Iron Works,
               "N. S. Sherman, Jr."

Plaintiff retained said check and collected the amount thereof. Shortly after the re-

ceipt of same, plaintiff wrote defendant as follows:

"Pacific Coast Pipe Company,
"Ballard Station, Seattle, Wash.
"Aug. 3, 1909

"N. S. Sherman Machinery & Iron Co., Oklahoma City, Oklahoma—Gentlemen: We are in receipt of your delayed favor of July 15, inclosing check for $10,278.66, and we hereby serve notice on you that this check does not pay us in full for our account as per notation made by you on its face, and is not received by us with that understanding. On advice of payment of the above-mentioned check, we will credit proceeds to your account, and will hold these funds separate and apart from our other funds subject to future action of the courts.

"As regards your claims on deductions, we refuse to allow any of them, our reason for this being that your claim for defective pipe is not founded on fact; further, we have nothing to do with the city measurements of pipe as laid. You are charged on our books with the amount of pipe shipped to you, as per your order, and we expect you to pay for it in full. As per your original order, we were to receive monthly 90 per cent. of the engineer's estimate as allowed you, which has not been done, and we are entitled to interest for the delay. Payments were to be made in Chicago exchange at par, and any exchange charged us on your check will be charged to your account.

"On payment of the check we will send you a bill of the amount still due us, a copy of which we will send to our attorney at Oklahoma City, and we expect payment in full when presented. If not paid, we have given him instructions to proceed at once and collect by law. Trusting you will not force us to take this action, we are,
"Yours very truly,
"Pacific Coast Pipe Co.,
"By             Treas."

In its reply plaintiff pleaded:

"Plaintiff further states that it has now in its possession the said sum of $10,278.66, being the proceeds of the said defendant's check, and that it now tenders same into this court, subject to the final action and final order of this court as to its proper distribution or application and is now ready, and stands ready at any and all times, to make its tender good, and to pay said fund into this court, or to dispose of same pursuant to any order, judgment, or decree which said court may render in this action."

The sole question for our consideration is whether, under the circumstances, the retention and use by plaintiff of the check reciting that it was "in full and complete settlement of any and all material furnished for Teague, Texas, waterworks," constituted an accord and satisfaction. While, if a demand is unliquidated or disputed, payment and acceptance in discharge of the same of a less sum

than that claimed will constitute an accord and satisfaction, yet in cases where the debt is liquidated and is due (except where changed by statute) the general doctrine is applied that payment by the debtor and receipt by the creditor of a part thereof is not a satisfaction of the whole, unless it be made on some new consideration, such payment operating only as a discharge of the amount paid, and the creditor may maintain an action for the balance. 1 Corpus Juris, 539, 540, and cases cited.

In Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860, it is said:

"The rule is well established that, where the facts show clearly a certain sum to be due from one person to another, the release of the entire sum upon payment of a part is without consideration, and the creditor may still sue and recover the residue. If there be a bona fide dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim; but where the larger sum is admitted to be due, or the circumstances of the case show that there was no good reason to doubt that it was due, the release of the whole upon payment of part will not be considered as a compromise, but will be treated as without consideration and void."

The uncontroverted evidence in the instant case establishes that subsequent to the receipt and use of the pipe, and with full knowledge of any defects therein and of the alleged consequent damages, and after an account thereof had been rendered and received and retained for some time and the claim therefor filed with the city of Teague, defendant, without objection, specifically promised to pay the same in full. There was at that time no bona fide dispute as to the items or the amount of the account sued on; and no claim is even now asserted of any then existing fact or circumstances tending to impeach the same subsequently brought to the knowledge of defendant. In Chicago & Milwaukee, etc., R. Co. v. Clark, 178 U. S. 353, 20 Sup. Ct. 924, 44 L. Ed. 1099, it is said:

"The word 'liquidated' is used in different senses, and as applicable here means made certain as to what and how much is due; made certain by agreement of parties or by operation of law."

The general rule is that where an account has been rendered to a debtor, and he receives it without objection and promises to pay it, it becomes an account stated. Under the facts in the instant case, the account sued on may properly be regarded as an account stated. We are of the opinion that the evidence was insufficient to establish an accord and satisfaction. By the retention and use of the check under the circumstances of this

case, the plaintiff was not estopped to maintain its action for the balance declared on. Harby v. Henis, 45 Misc. Rep. 366, 90 N. Y. Supp. 461; Jennings v. Durflinger, 23 Ind. App. 673, 55 N. E. 979; Amer et al. v. Folk et al., 28 Misc. Rep. 508, 59 N. Y. Supp. 532; Robinson v. Leatherbee, T. & L. Co., 120 Ga. 901, 48 S. E 380; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785.

There being no error in the proceedings on the trial prejudicial to the substantial rights of defendant, the judgment should be affirmed.

By the Court: It is so ordered.