## SANDITEN v. ALLIED REFINING CO. CO.

No. 10385—Opinion Filed Nov. 29, 1921.

(Syllabus.)

**1. Set-Off and Counterclaim—Unliquidated Claims—Action on Open Account.**

In an action upon an open account the defendant is not authorized by sections 4745, 4746, 4747, Rev. Laws 1910, to set forth in his answer, as either a set-off or a counterclaim, an unliquidated claim against the plaintiff purchased from a third person.

**2. Accord and Satisfaction—Acceptance of Payment in Satisfaction.**

Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction in the absence of fraud.

**3. Same—Sufficiency of Evidence—Appeal and Error—Saving Questions for Review.**

Record examined and held: (1) That the question presented for review by the first assignment of error was properly saved; (2) that the facts disclosed by the evidence are not sufficient to show an accord and satisfaction.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Action upon open account by M. Sanditen, doing business under the style and firm name of the Oklahoma Salvage & Supply Company, against the Allied Refining Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

M. A. Dennis, for plaintiff in error.

C. B. McCrory and T. F. Shackelford, for defendant in error.

KANE, J. This was an action upon an open account commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below.

The petition was in usual form, and admittedly states a cause of action. The answer, after setting up a general denial, alleged defensive matter in substance as follows:

(1) That at a time subsequent to the commencement of the action the plaintiff sold certain oil well material to the Water White Gasoline Company upon a certain agreed consideration which was paid, but on account of said oil well supplies being of inferior quality and unsuitable for the purpose for which they were purchased, the Water White Gasoline Company overpaid the plaintiff in the sum of $649.18; that subsequently the defendant purchased this claim, and this, together with other payments which had been made by the defendant, extinguished the plaintiff's account, except a balance of $2, which was tendered into court.

(2) That prior to the commencement of the action the defendant paid to the plaintiff the sum of $938.96 in full accord and satisfaction of all the alleged indebtedness.

The reply was a general denial. Upon trial to the court there were findings in favor of the defendant on both defenses, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Omitting certain preliminary assignments of error which complain of the action of the trial court in matters of practice and procedure, the grounds for reversal going to the merits of the cause may be briefly summarized as follows:

(1) The court erred in allowing the defendant to offset in this action the unliquidated claim it purchased from the Water White Gasoline Company.

(2) The evidence adduced at the trial wholly fails to sustain the defense of accord and satisfaction.

Both of these assignments of error seem to us to be well taken. While it is true that by section 4745, Rev. Laws 1910, the defendant may set forth in his answer as many grounds of counterclaim or set-off as he may have, other sections (sections 4746 and 4747, Rev. Laws 1910) provide, respectively, in substance as follows:

(1) The counterclaim must be one existing in favor of the defendant and against plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action, etc.

(2) A set-off can only be pleaded in an action founded on a contract, and must be a cause of action arising upon contract or ascertained by the decision of a court.

Casual consideration of these sections of the statute renders it reasonably clear that the unliquidated claim purchased by the defendant from a third person could not be pleaded as either a counterclaim or a set-off in this action upon account.

The following are a few of the cases construing the foregoing statutes under various circumstances: First Nat. Bank of Lawton v. Thompson, 41 Okla. 88, 137 Pac. 668; Harris v. Warren-Smith Hardware Co., 44 Okla. 477, 144 Pac. 1050.

Indeed, we do not understand that counsel for the defendant seriously contend that the unliquidated claim constituted a proper subject for either a counterclaim or set-off. Concerning this question, they say in their brief:

"There may have been some merit, assuming that the claim had to be pleaded as an offset, in this contention had it been properly raised and urged in the court below, but nowhere in the pleadings nor in the record can be found any motion, proceedings or steps taken by the plaintiff to raise the question in the trial court, and he certainly did not try the case upon any such theory."

We do not so construe the record. It is true that plaintiff's demurrer to the answer,

whereby he first sought to raise this question, was stricken from the files by the trial court upon the ground that it was filed out of time. But granting this action of the court was not erroneous, we think the question was sufficiently saved by the plaintiff's demurrer to defendant's evidence and by objecting to the findings of fact and conclusions of law of the trial court.

In considering the second assignment of error the parties agree that the doctrine of accord and satisfaction is correctly stated in 1 C. J., pages 551 and 552, substantially as follows: Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction in the absence of fraud, etc.

The facts out of which the trial court found an accord and satisfaction arose may be briefly summarized as follows:

On the 21st day of August, 1917, the defendant forwarded to the plaintiff by United States mail a check for $938.96. This check, on its face in various places, bore the following notations in print: "Endorsement on this check by payee acknowledges receipt in full for the following account": "In full to date"; "Do not endorse if incorrect." The plaintiff cashed this check, endorsing on its back the following: "This check on account of invoice 82017," which was the account subsequently sued upon herein. After this transaction the open account sued upon continued as previously, the plaintiff thereafter selling the defendant over $2,000 worth of supplies and receiving from the defendant other remittances. The evidence also showed that the unliquidated claim hereinbefore mentioned was considered by the debtor in drawing the check and that the two items, to wit, the amount of the check and the amount of the claim, would have balanced plaintiff's account at that time. We are wholly unable to perceive that these facts establish an accord and satisfaction.

The case of Sherman v. Pacific Pipe Line Co., 60 Okla. 103, 159 Pac. 333, is precisely in point in principle to the contrary. That was an action on an account over which there had been considerable dispute. Finally, the debtor sent the creditor a check by mail bearing on its face a notation that it was "in full and complete settlement for any and all materials furnished." The letter transmitting the check also stated that the check was "in full and complete settlement for all materials furnished." The creditor retained the check and collected the amount thereof, notifying the debtor by letter that

"this check does not pay us in full for our account as per notation made by you on its face." The debtor refusing to make further payments, action was commenced and an accord and satisfaction pleaded. The court held:

"While, if a demand is unliquidated or disputed, payment and acceptance in discharge of the same of a less sum than that claimed will constitute an accord and satisfaction, yet in cases where the debt is liquidated and is due (except where changed by statute), the general doctrine is applied that payment by the debtor and receipt by the creditor of a part thereof is not a satisfaction of the whole, unless it be made on some new consideration, such payment operating only as a discharge of the amount paid, and the creditor may maintain an action for the balance."

In the case at bar it will be observed that, notwithstanding the notations on the check, the creditor accepted the same "upon account." It seems to be well settled that where a debtor, owing a liquidated sum, sends to the creditor his check for a part of the demand, reciting in the check that it is in full of all obligations to date, for which the creditor gives credit, and acknowledges receipt as on account, such acceptance does not discharge the entire debt. Hodges v. Truax (Ind. App.) 49 N. E. 1079; Specialty Glass Co. v. Daley (Mass.) 52 N. E. 633; Jennings v. Durfinger (Ind. App.) 55 N. E. 979.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

HARRISON, C. J., and JOHNSON MILLER, and KENNAMER, JJ., concur.