## GASPER et al. v. MAYER et al.

No. 22640.  April 9, 1935.

Chas. H. Garnett, for plaintiffs in error.

John B. Harrison and C. S. Gilkerson, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the lower court, plaintiffs in error as plaintiffs, and defendants in error as defendants.

This action was commenced in the district court of Oklahoma county on September 4, 1930, by plaintiffs, to recover from defendants the balance claimed to be due on a judgment rendered in the district court of Beckham county, Okla. Plaintiffs allege that on August 21, 1917, plaintiff J. G. Gasper and one W. C. Burger jointly obtained

a judgment against all of the defendants in the district court of said Beckham county, Okla., for the sum of $3,382.76; that on May 18, 1920, the defendant Calvin M. Rosser paid to the said W. C. Burger the sum of $250; that said sum should be credited upon said judgment; that on May 19, 1922, the said W. C. Burger, for a valuable consideration, sold and transferred all of his right, title, and interest in said judgment to the plaintiff Chas. H. Garnett; that on November 23, 1917, October 14, 1919, and October 14, 1924, executions were issued on said judgment; that each and all of said executions were returned unsatisfied; that no execution has been issued since October 14, 1924, and that said judgment became dormant on October 14, 1929; that plaintiffs were the owners of said judgment; that no payment had been made thereon excepting the payment to W. C. Burger on May 18, 1920; and prayed for judgment against the defendants for the sum of $3,382.76, less the credit of $250; and the judgment upon which the suit was based was attached as an exhibit to the petition and introduced in evidence.

To this petition defendants filed an answer admitting that the judgment was obtained in the district court of Beckham county, but pleaded as a defense that, on May 18, 1920, one of the defendants, Calvin M. Rosser, acting for all of said defendants, settled and compromised said judgment by paying the plaintiffs Burger and Gasper, a partnership composed of W. C. Burger and J. G. Gasper, the sum of $250 in full and complete settlement of said judgment, and thereupon obtained a release thereof, which release was filed with the clerk of the district court on May 20, 1920.

Plaintiffs filed a reply to this answer, admitting the execution of the written release of the judgment by the plaintiff W. C. Burger, and denied that on the date of the execution of such release the said W. C. Burger and the plaintiff J. G. Gasper were partners, or had been for five years prior thereto; denied that said W. C. Burger had the authority to execute said release for and on behalf of the plaintiff J. G. Gasper or to accept payment of said judgment; denied that said release was sufficient to cancel and release said judgment, and alleged that the attorneys for the judgment creditors, W. C. Burger and J. G. Gasper, had a lien for their attorneys' fee in the sum of 50 per cent. of said judgment; that notice of said claim and lien for attorneys' fees had been given, and that the said W. C. Burger was without any authority to release said lien.

The issues involved in this action were disclosed in the following colloquy between the court and counsel when the cause was called for trial:

"The Court: What is this lawsuit about? Mr. Garnett: This is an action brought in this court upon a judgment as the basis of the plaintiffs' cause of action obtained in the district court of Beckham county, in 1917, and which has been kept alive by the issuance of successive executions within five years from the date of the judgment and within five years of each other. We simply bring this suit on that judgment to recover a new judgment in this court against the judgment debtors in that judgment. The Court: What is the defense? Mr. Gilkerson: We admit the judgment and the executions, but say that we have settled with the plaintiffs for said judgment in full and have their release and satisfaction in writing. I think we admit the judgment in our answer and we rely on the written release and settlement. The Court: What do the plaintiffs have to say to that? Mr. Garnett: The plaintiffs say that the release is not sufficient in law to satisfy and release the judgment, and is not binding on the plaintiffs here in any event, or at least not upon the plaintiff Gasper, by reason of the facts under which it was obtained. The Court: All right, put in your evidence."

Plaintiffs thereupon introduced in evidence the judgment of the district court of Beckham county, four executions with returns showing no property found, a page of the appearance docket of the district court of Beckham county, and the assignment of the judgment dated May 19, 1922. In this assignment, Burger, in consideration of the sum of $25 and a release and satisfaction of an indebtedness of $1,000, transferred all of his right, title and interest in and to said judgment to Chas. H. Garnett, one of the plaintiffs herein. It was further recited that Burger and Gasper, as joint plaintiffs, recovered a judgment against all of the defendants, and that Burger had been paid the sum of $250 by Calvin M. Rosser, one of the defendants herein.

The defendants introduced a release of the judgment, dated May 18, 1920, executed by W. C. Burger. This release was signed "Burger & Gasper (a copartnership composed of W. C. Burger and J. G. Gasper) by W. C. Burger;" and to the left: "Percy Powers, attorney for judgment creditors."

The paragraphs purporting to release and discharge said judgment were as follows:

"Now, therefore, we Burger & Gasper (a copartnership composed of W. C. Burger and J. G. Gasper) in consideration of the sum

of two hundred and fifty and no/100 ($250) dollars, do hereby release and forever remise all our right, title and interest in and to said judgment, as well as all further or subsequent judgments or liens thereby. We also forever release any and all claims of whatsoever nature or kind, and wherever found, that we may hold or own against said Calvin Rosser and D. A. Mayer.

"We further authorize the court clerk of Beckham county, Okla., to fully release and discharge the said judgments upon the judgment docket of said court."

In addition to these documents, Mr. Garnett, counsel for plaintiffs, made a statement in detail of the facts which plaintiffs expected to prove. The facts stated were substantially as follows: That the release of judgment was not a sufficient defense because it recited a consideration of only $250, which was everything of value that was in fact received and the sole consideration; that the attorney, Percy Powers, whose name appears on the release as attorney for judgment creditors, was not and had never at any time been attorney for plaintiffs; that E. C. Marianelli and Mr. Garnett were attorneys for Burger and Gasper and were to receive 50 per cent. of whatever amount was collected from the defendants; that judgment was first obtained in cause No. 676 in the district court of Beckham county in a replevin action, wherein Burger and Gasper were defendants, and that subsequently suit was brought for Burger and Gasper against the defendants herein as principals and sureties on the replevin bond, and judgment obtained upon which the present suit is based; that plaintiffs herein knew nothing about the release of judgment executed by Burger until long after the same was executed and filed in the office of the court clerk of Beckham county; that Calvin M. Rosser, one of the defendants, went to Burger, who was then living in Mangum, Greer county, and obtained a release for $250; that Burger was at the time hard pressed, and Rosser paid Percy Powers a fee for obtaining such release; that Burger and Gasper were not partners at the time of the release, nor at the time the judgment sued on herein was obtained, and had not been partners for a long time prior to the date upon which such judgment was rendered; that the judgment itself does not purport to be in their favor as partners, but merely as joint plaintiffs; that Burger and Gasper were in fact joint plaintiffs, and that when said judgment was rendered, each of them had an undivided one-half interest therein, subject to the claim of the

attorneys for attorneys' fees; that Gasper never authorized Burger or anyone to compromise and settle said judgment in so far as his interest was concerned; that Gasper was present in court and would testify to the facts stated within his knowledge, and that he, Chas. H. Garnett, would testify to the facts coming within his knowledge, unless counsel for the defendants would agree that the statement of the facts as related was correct and statement of facts for the case.

Mr. Gilkerson thereupon made the following admissions:

"We do not question the correctness of the facts stated by the attorney for the plaintiffs and will admit the truth of the facts as he stated, in so far as it is a statement of the facts only, but not in so far as it is a matter of conclusion and agreement, as facts and evidence in the case without having witnesses sworn and testify.

"We contend that nevertheless the compromise and settlement of the judgment under the circumstances shown was a valid settlement."

The court rendered judgment in favor of the defendants, and from this judgment the plaintiffs appeal.

The following specifications of error are presented:

(1) The trial court erred in overruling the motion of plaintiffs for a new trial; (2) the judgment of the trial court is not supported by the evidence, and is contrary to the law; and (3) the trial court erred in not rendering judgment for the plaintiffs upon the pleadings.

Plaintiffs state that, "there is in truth but a single question in this case, and that is whether or not the judgment of the trial court is correct under the law upon the pleadings and the evidence," and present their specifications of error under two propositions:

"First. That the acceptance by Burger of the sum of $250 only as settlement and payment in full of the larger amount of the past-due liquidated and undisputed indebtedness in the form of said judgment of the district court of Beckham county, without other consideration, was not binding upon either him or Gasper as a discharge of the amount of said indebtedness remaining unpaid.

"Second. Even if the release and satisfaction of the whole judgment for the sole consideration of payment of $250 was valid and effective in law, it could only affect Burger's interest in said judgment, and the fact that he was a joint judgment creditor owning a half interest therein with Gasper, would

give him no right or authority to compromise, settle and release Gasper's half interest in said judgment, particularly when the alleged partnership between himself and Gasper and any and all agency or authority from Gasper to him was specifically denied under oath in the plaintiffs' reply, and no evidence other than the recitals in the release and satisfaction piece itself was offered to establish any such partnership, agency or authority."

It is a well-settled principle of law that the acceptance of a part of a past-due liquidated and undisputed indebtedness in discharge of the whole, without other consideration, is not binding upon the creditor. 1 C. J. pp. 539-540; 1 R. C. L. 184; Sherman v. Pacific Coast Pipe Co., 60 Okla. 103, 159 P. 333, L. R. A. 1917, 716; Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860; Sanditen v. Allied Refining Co., 84 Okla. 47, 202 P. 316; Munn v. Mid-continent Motor Co., 100 Okla. 105, 228 P. 150; Swift & Co. v. Colvert, 127 Okla. 80, 259 P. 844; Ward v. Coleman, 170 Okla. 201, 39 P. (2d) 113.

This rule is not supported by any statutory authority or rule of property. It has been criticized as unreasonable and unjust by many courts, but its long and general acceptance commends itself with almost irresistible force. The reason upon which the rule in most cases is held to be founded is that such agreement is without consideration. Lord Coke, in the early case of Pinnel's Case, 5 Coke, 117a, 1 Eng. Rel. Cas. 368, pronounced it a proper rule, "because it appears to the judges that by no possibility a lesser sum can be a satisfaction for a greater sum."

In a number of states the rule has been abrogated by statute, and possibly in one or two, repudiated by the courts. However, it has been recognized by this court. Sherman v. Pacific Coast Pipe Co., 60 Okla. 103, 159 P. 333, L. R. A. 1917A, 716.

The questions then arise, What is meant by the term "liquidated claim," or "liquidated debt," as those terms are used by the courts? and, Is a final judgment of a court of record for a fixed sum a liquidated claim?

"Liquidated account" has been defined to be "one, the amount of which is agreed upon by the parties or fixed by operation of law." 2 Bouv. Law Dict. 261. And in the same volume, at page 561, a "liquidated debt" is defined, "A debt is such when it is certain what is due and how much is due."

And this court, in the case of Sherman v.

Pacific Coast Pipe Co., supra, quoted with approval and adopted the definition given by the Supreme Court of the United States in the case of Chicago, M. & St. P. R. Co. v. Clark, 178 U. S. 335, 44 L. Ed. 1099, 20 Sup. St. Rep. 924:

"The word 'liquidated' is used in different senses, and as applicable here means made certain as to what and how much is due; made certain by agreement of the parties, or by operation of law."

In the instant case, when the judgment of the district court of Beckham county became final, such judgment made certain the amount and what was due, and must be considered a liquidated debt, and the acceptance of the $250 in satisfaction of such judgment would not be binding unless such settlement should come within one of the many exceptions.

While but few courts have repudiated the rule, there is, nevertheless, a reluctance to apply it if it can be avoided, and numerous exceptions are now recognized, some of which are: When payment is made before it is due; when the claim is unadjusted or unliquidated; where a part payment in full settlement is made by a third party who is a stranger to the debt and under no legal obligation to pay it; when money is due and some kind of property is given in settlement; when there is a composition with creditors, etc.

It is contended that the judgment debtors, on May 18, 1920, the date upon which the payment was made and release executed, were all insolvent; that plaintiffs could collect nothing, and that under these conditions there was a sufficient consideration to support the agreement, and the release of the judgment should be upheld as an accord and satisfaction; and this seems to be the basis upon which the trial court rendered its judgment. In rendering judgment, it said:

"Well I think the plaintiffs cannot recover in this case. I don't believe that any court will upset a settlement made by creditors with their debtors who are unable to pay the full amount of the debt and when it cannot be collected from them. If the creditors take what they can get and deliberately give a release and satisfaction in writing of the whole debt, there is no other way to wipe out debts of this kind when the debtors are willing to pay all they can and the creditors are willing to take what they can get."

That this was also the theory upon which defendants sought to sustain the release of

the judgment, is revealed by the following statement of counsel in their argument to the court at the conclusion of the trial:

"We claim for the defendants in this case, and the evidence is that this was an old judgment and that repeated executions had been issued by the judgment creditors in an effort to collect without anything ever having been collected, or any of the sheriffs of several counties ever having been able to find anything to levy upon, and that under these circumstances the plaintiffs were willing to take what they could get in settlement of their judgment, and that a compromise and settlement for less than the face of the judgment is good and valid in law and takes the case out of the general rule that a liquidated debt due and not in dispute cannot be paid and satisfied in full by any payment less than the full amount due."

And in their brief counsel for defendants contend that the doctrine of accord and satisfaction is applicable, and that the settlement and release of the judgment should be sustained on that ground.

In order to correctly determine this question, it is necessary to ascertain the meaning of "accord and satisfaction"; and if, and under what circumstances, the insolvency of a debtor is a sufficient consideration to support an agreement to accept a part of a past-due liquidated demand in full settlement of the whole.

An "accord" is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, demand or debt, either liquidated or unliquidated and unadjusted, and arising either from contract or tort, something other than or different from what he is, or considers himself, entitled to, and a "satisfaction" is the execution of such agreement. Accord and satisfaction, then, is the substitution of another agreement between the parties in satisfaction of the former one, and an execution of the latter agreement, and forms a complete bar to any further action on the original claim. It is a substitution by agreement of the parties of something else in place of the original claim. It must be an executed contract, founded upon a new consideration. Continental Nat. Bank v. McGeoch, 92 Wis. 286, 66 N. W. 606; Rogers v. City of Spokane, 9 Wash. 168, 37 P. 300; Words & Phrases (3rd Series) pp. 131-135; Black's Law Dict. p. 16; 1 C. J. p. 523; 1 R. C. L. p. 177; Continental Gin Co. v. Arnold, 52 Okla. 569, 153 P. 160.

In the case at bar it is neither alleged nor proven that the defendants were insolvent on the date the partial payment was accepted and the release executed. The only evidence of insolvency was that several executions, some before and some after the payment, were issued and returned showing no property found. This was not sufficient to establish insolvency. Defendants might have owned stocks, bonds, notes, and other intangible securities which could not have been subjected to the payment of the debt under the ordinary execution. In fact, they might have had thousands of dollars on deposit in banks and other financial institutions, and yet the sheriff handling the execution could truthfully make his return no property found. If the defendants were in fact insolvent, there is no evidence whatever that plaintiffs had knowledge of it, or that the fact of such insolvency was a part of the consideration which induced Burger to accept $250 in full satisfaction of the judgment.

The record presented, the pleadings, the documentary evidence introduced, the admissions and agreed facts, disclose that the $250 was the sole and only consideration paid for the release and satisfaction of the judgment, which was a liquidated demand for $3,382.76 and accrued interest; and the trial court committed error in holding that the acceptance of such payment operated as a complete settlement thereof.

This court is committed to the doctrine that accord and satisfaction, and other transactions closely alleged thereto, such as a compromise agreement, executory accord, and novation, in order to be available as a defense, must be specifically pleaded. Continental Gin Co. v. Arnold, supra; First National Bank of Tishomingo v. Latham, 37 Okla. 286, 132 P. 891.

It then becomes necessary to determine what must be alleged and proven in order to sustain an agreement to and acceptance of a part of the amount due on a money judgment in full satisfaction thereof, as an accord and satisfaction. There is a marked distinction between a "part payment," and "accord and satisfaction," as a defense. This distinction was clearly drawn in the case of Continental Gin Co. v. Arnold, supra. It was there said:

" 'Payment' is generally understood as a discharge of the debt or obligation by a compliance with the terms of the obligation, and, if the obligation calls for a money discharge, then there cannot be payment except by paying the full amount called for

in money, or the representative of money. * * *

"We need not look beyond the well-considered and leading case of Houston Bros. v. Wagner, 28 Okla. 367, 114 P. 1106, by our court, to find a complete and acceptable definition and discussion of 'accord and satisfaction.' The cited case was an action upon a note. The defendant answered that the note was paid through an agreement to deed the plaintiff four certain town lots in full payment of the indebtedness sued on, and that plaintiff's agent had entered into possession of the lots, but deeds to same had not been made for reasons therein given. It should be noted that the court there criticized the use of the word 'payment' in connection with facts presented, and inferentially stated that the facts presented did not constitute payment, and we cannot do better than quote at length from that case:

" 'Although the plea is denominated one of "payment," the attempt in legal contenplation was to plead an "accord and satisfaction," which is defined to be: "An agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is a bar to all actions upon this account." 3 Bouvier's Law Dictionary (Rawle's 3d Rev.) 2540.' "

In the instant case the defendants alleged in their answer that the judgment was settled and compromised by paying the plaintiffs Burger and Gasper the sum of $250 in full and complete settlement, and that by reason of the payment plaintiffs were not entitled to recover. It is not alleged that the defendants were known to be insolvent, and that upon consideration thereof plaintiffs accepted the partial payment as a settlement of the whole. Under these allegations, defendants would not be permitted to prove the facts necessary to establish the defense of accord and satisfaction.

Under the second proposition, it is urged that the plaintiff Burger was a joint judgment creditor with Gasper, and had no authority to release and discharge the judgment of his cojudgment creditor.

Defendants contend that Burger and Gasper were partners and that Burger as a member of the partnership had the authority to and did release and satisfy the entire judgment.

The defendants in their answer did not deny, either generally or specifically, the allegations set forth in the petition, but such answer consists simply of a plea of payment. There was no positive allegation that such partnership existed. It was alleged

that they "settled and compromised" said judgment by paying the plaintiffs Burger and Gasper, a copartnership composed of W. C. Burger and J. G. Gasper, the sum of $250.

In reply to this answer plaintiffs denied the existence of the partnership, and the authority of Burger to release and discharge the interest of the plaintiff Gasper, in said judgment. Furthermore, defendants admitted that the facts as related by counsel were true, and it was stated that Burger and Gasper were not partners at the time the release was executed, nor when the judgment was obtained, and that the judgment was not in their favor as partners, but merely as joint plaintiffs, each one having an undivided one-half interest therein, subject to the claim of attorneys for attorneys' fees.

It is insisted that the existence of the partnership and the authority of Burger to release the judgment were questions of fact, that the release of the judgment signed by Burger recited that Burger and Gasper were partners; that the court considered the recitals of the release of judgment as against the statement of the counsel. There might be some force in this argument if the facts related by counsel for plaintiffs had not been admitted to be true, but, under these admissions, which were binding on the defendants, Burger and Gasper were not partners, and Burger had no authority to release and satisfy the judgment in favor of Gasper. Greenleaf on Evidence (16th Ed.) vol. 1, sec. 186; Patterson v. Morgan, 53 Okla. 95, 155 P. 694; Oscanyan v. Winchester Repeating Arms Co., 103 U. S. 261, 26 L. Ed. 539; Hunt v. W. T. Rawleigh Medical Co., 71 Okla. 193, 176 P. 410.

Burger and Gasper being joint judgment creditors, each owning an undivided one-half interest therein, and Burger having no authority from Gasper to release his interest, it follows that any attempted release by Burger could not be binding on Gasper.

For the reasons stated, the judgment of the trial court is reversed and cause remanded for further proceedings not inconsistent with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys J. D. Carmichael, Frank M. Bailey, and D. M. Cavaness in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was

prepared by Mr. Carmichael, and approved by Mr. Bailey and Mr. Cavaness, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.