C. E. WALKER, Plaintiff in Error,

v.

Edwin A. ELLINGHAUSEN, Defendant in Error.

No. 37459.

Supreme Court of Oklahoma.

April 9, 1957.

Hickman & Hickman, Tulsa, for plaintiff in error.

F. C. Swindell, Tulsa, for defendant in error.

CARLILE, Justice.

Edwin A. Ellinghausen, a licensed attorney, filed this action in the District Court of Tulsa County, Oklahoma, which action was later transferred to the Court of Common Pleas, against C. E. Walker, to recover on his first cause of action the sum of $875, alleged to be due him for legal services rendered and expenses incurred in the institution and handling of a law suit for defendant, also to recover on a second cause of action the sum of $1,575, alleged to be due for legal services rendered and expenses incurred in the defense of certain actions against the defendant, and for legal services performed on behalf of the defendant, all in connection with certain oil and gas leases.

The defendant Walker answered and alleged that all services by plaintiff in connection with the litigation referred to in his first cause of action was by written agreement to be performed for the sum of $300, which amount was paid plaintiff prior to the institution of the action. Defendant admitted that plaintiff was entitled to a reasonable fee of $100 for services for which plaintiff claimed $1,000 in his second cause of action, and denied that plaintiff was entitled to any further sum.

At and during the trial of the action the plaintiff abandoned and waived any right or claim on his first cause of action. Upon completion of the trial the jury returned a verdict for plaintiff for the sum of $1,500, and judgment was entered thereon against defendant for said amount. Motion for new trial was overruled and the defendant appealed. We refer to the parties as they appeared in the trial court.

The only assignment of error and proposition presented in the brief of plaintiff in error is as follows:

"The only item of complaint made by the defendant for the reversal of this cause is that the defendant was not permitted to amend his answer to conform to the proof by stating that the claim made by the plaintiff was unliquidated, or was in dispute, and that payment was actually made and accepted as an accord and satisfaction."

The record shows that the defendant Walker and a Mr. Gray jointly acquired several hundred acres of oil and gas leases on land in Grant County. Mr. Gray gave Walker a promissory note for $1,500 as part payment of the cost of the leases, which note matured and Walker employed the plaintiff Ellinghausen to file suit thereon in Tulsa County. Later a suit was filed in Grant County by Walker, through his attorney Ellinghausen, to recover on the promissory note and to recover the oil and gas delay rentals, which rentals had been paid by Walker. The suit in Grant County resulted in a judgment in favor of Walker and a sale of Gray's one-half interest in the leases under an execution of judgment. Mr. Gray instituted a suit in Grant County against Walker which involved the leases referred to, which suit was subsequently dismissed and a similar action filed in the same county. Mr. Ellinghausen appeared as attorney for Mr. Walker in the suits filed against him by Gray. The litigation finally resulted in a compromise settlement wherein a division of the leases was made between the parties, the major portion go-

ing to Mr. Walker, and he sold a portion of his leases to a third party. Mr. Ellinghausen rendered legal services in preparing assignments of the leases and otherwise perfecting transfer of the leases to the third party.

There was put in evidence a memorandum agreement addressed to Mr. Walker and signed by Mr. Ellinghausen in which he, Ellinghausen, agreed to handle the cases filed by Walker in Tulsa and Grant Counties on the $1,500 Gray note, and to recover the delay rentals paid by Walker for a consideration of $300, and acknowledged receipt of $100 on the fee.

On April 30, 1954, near the close of the Walker-Gray litigation, Walker wrote Mr. Ellinghausen a letter in which he enclosed a check for $100 and referred to the $100 previously paid, and said he did not feel obligated to make any further payments on the Gray case until it was settled. Walker later remitted by check the balance of the fee to Mr. Ellinghausen. The defendant Walker testified that he had not talked with Ellinghausen concerning the balance due on the fee in the Gray case.

■ Immediately following the testimony of Walker his attorney asked leave of the court to amend his answer to plead an accord and satisfaction, which request was subsequently overruled. The defendant contends such ruling was error and asserts that the acceptance by the plaintiff Ellinghausen of the sum of $100 after receipt of defendant's letter of April 30, 1954 amounts to accord and satisfaction, and that defendant believed plaintiff was doing the work for $300 while plaintiff was intending to charge additional fees for the additional work, and cites as applicable to the present action the case of Gasper v. Mayer, 171 Okl. 457, 43 P.2d 467, 468, which holds:

"An 'accord and satisfaction' is an executed agreement whereby one of the parties undertakes to give, and the other to accept in satisfaction of a claim arising either from contract or tort, something other or different from what he is or considers himself entitled to."

Defendant Walker further argues that since the evidence of an accord and satisfaction was admitted without objection the pleading should have been considered as amended to cover the issues, and that the court should have submitted the issue under proper instructions.

■ Under the record, as we view it, there was no denial or issue but that the defendant Walker owed the plaintiff a balance of $100 for legal services in the case referred to in the letter of April 30, 1954, and nothing was said therein about the fee covering legal services in connection with the cases filed by Gray against Walker or the extra work in connection with the transfer of the leases to a third party.

"Where a demand may be separated, a portion of which is liquidated and a portion unliquidated, a payment and acceptance and discharge of the liquidated amount is not a satisfaction of the unliquidated claim, unless it be made on some new consideration, and such payment operates only in discharge of the amount paid, and a creditor may maintain an action for the unliquidated amount." Metropolitan Life Ins. Co. v. Richter, 173 Okl. 489, 49 P.2d 94.

■ There was no competent evidence or facts shown sufficient to raise an issue of accord and satisfaction, and the trial court did not err in overruling defendant's motion to amend his answer so as to plead such an issue thereunder.

At one point in his brief the defendant makes this statement:

"We might state at this point that no dispute is made as to the reasonableness of the verdict or the reasonableness of the services rendered by the plaintiff. We simply dispute the fact that the plaintiff was entitled to additional fees for additional services, * * *."

The defendant offered no special instruction, nor did he object to the general instructions given. Instruction No. 3, given by the Court, is in part as follows:

"You are instructed that if you find that plaintiff rendered certain professional services on behalf and at the request of the defendant as alleged in plaintiff's petition, and that there was no agreement as to the amount of compensation to be received by the plaintiff for the reasonable value of the services rendered and the necessary and reasonable expenses incurred in rendering the services, but in no event to exceed the sum of $1,575.00. * * *

"You are instructed, however, that if you find that plaintiff performed professional services for the defendant and agreed to accept a certain sum of money for such services, and that plaintiff has been paid such sum, then your verdict must be for the defendant; or if you find that such sum of money has not been paid by the defendant, then your verdict must be for the plaintiff, but not to exceed the sum agreed upon, if any, for plaintiff's services."

We consider the instructions as a whole proper and sufficient to present the issues raised and the law applicable thereto.

"Where there is any competent evidence tending to sustain the verdict of the jury and judgment of the court based thereon and the instructions fairly presented the law governing the issues in the case and no prejudicial error is otherwise shown, such verdict and judgment will be affirmed." Crown Drug Co. v. McBride, Okl., 303 P.2d 970, 971.

No error being shown, the judgment of the Court of Common Pleas of Tulsa County is affirmed.

The defendant in error asks for judgment on the supersedeas bond filed herein as against the principal and surety thereon. It is, therefore, the further judgment of this court that Edwin A. Ellinghausen, defendant in error, have and is awarded judgment against the principal, C. E. Walker, and W. M. Thopson, surety, for the sum of $1,500, with interest thereon at the rate of six per cent per annum from January 30, 1956, and for costs of this action.