Haddow v. J. L. Owens Co. 172 Wis. 391.

---

HADDOW, Respondent, vs. J. L. OWENS COMPANY, Appellant.

*September 21—October 19, 1920.*

*Accord and satisfaction: Acceptance on account: Tender of less than sum due.*

1. Where plaintiff, claiming $126.20 for services rendered by him as attorney, received from defendant a letter offering $40 as payment in full, but the check was not inclosed, and when he did receive the check he wrote that if defendant insisted it was in full he would return it, otherwise he would apply it on account, there was no accord and satisfaction.
2. There being evidence to support the finding of the trial court that the services were rendered at the request of the defendant, and the services admittedly done by authority being worth the sum asked, an offer of less than the amount due is not good as a tender.

APPEAL from a judgment of the circuit court for Pierce county: JAMES O'NEILL, Judge. *Affirmed.*

Action to recover compensation for an attorney's services. The case was tried to the court, and it made findings setting out in brief the services rendered and finding that they were worth the sum demanded by plaintiff, to wit, the sum of $126.20; that only $40 had been paid, leaving a balance of $86.20 due for services and $7.77 admitted due for disbursements. From a judgment entered accordingly the defendant appealed.

For the appellant there were briefs by *N. O. Varnum* of Hudson and *Francis B. Hart* of Minneapolis, and oral argument by *Mr. Hart.*

*F. M. White* of River Falls, for the respondent.

VINJE, J.    The defendant makes three contentions: (1) that most of the services found by the court to have been rendered were not rendered at the request or by the consent of defendant; (2) that, if so rendered, plaintiff agreed to accept $40 in full; (3) that it made a valid tender of the amount due.

The trial court found that plaintiff was retained by the attorney of the defendant to assist in a case brought by defendant against one Whitcomb in Wisconsin involving a breach of warranty of a machine; that plaintiff assisted in drawing the jury. He served and procured to be served the necessary papers for bringing the case to trial; counseled and advised defendant; prepared and caused to be served and settled a bill of exceptions on appeal to this court; advised defendant as to the practice in this state; prepared and caused to be served and filed the necessary papers for the procuring, entering, and docketing of the judgment; wrote a large number of letters to the defendant's attorney in St. Paul about the case; and did other services therein. The court also found that such services were rendered at the request and with the consent of defendant. There is evidence to sustain both findings. It appears that defendant's president was present when the case against Whitcomb was tried; that he advised with plaintiff, and, indeed, it is not till plaintiff refused to accept $40 in full that we find any claim in the correspondence that some of the services were not authorized. In our view of the case, while we think the evidence sustains the finding that they were all authorized, still were it otherwise the judgment ought not to be disturbed because the services admittedly done by authority are worth the sum asked.

The claim that there has been an accord and satisfaction for $40 cannot be sustained. Plaintiff did not receive a check for $40 in the letter offering that sum in full, and when he did receive it he wrote defendant that if it insisted it was in full he would return it, otherwise apply it on account.

Under the findings of the trial court as now sustained no serious question of a valid tender arises. Defendant tendered $7.77 for disbursements and claimed that this, with the $40 paid, constituted a valid tender. It did not cover the amount due by $86.20 and so is not good as a tender.

*By the Court.*—Judgment affirmed.