THE J. P. BURTON COAL CO. v. THE JOHN P. GORMAN COAL CO.

*Accord and satisfaction—Check marked "payment in full" of disputed account—Not satisfaction of debt where debtor acquiesced in creditor's repudiation—Accord and satisfaction question of fact for court and jury—Error proceedings—Reversal of verdict and judgment upon weight of evidence.*

1. Where creditor repudiated check as settlement in full of disputed account, and notified debtor that it would deposit and collect check, tacit acquiescence therein by debtor *held* not to show accord and satisfaction.
2. Accord and satisfaction is question of fact for court or jury.
3. Reviewing court cannot disturb verdict as against weight of evidence unless record shows fact or circumstance which shocks senses, or grave error and injustice in misapprehension of facts.
4. Reversal because judgment is against weight of evidence can be had as matter of law, but not on mere opinion or whim of reviewing court.

(Decided March 15, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Treadway & Marlatt,* for plaintiff in error.

*Messrs. M. B. & H. H. Johnson,* for defendant in error.

SULLIVAN, J. This cause comes into this court on error proceedings from the municipal court of the city of Cleveland, and it is charged that the court committed error in overruling a motion for judgment on the pleadings and in rendering judg-

ment for the defendant in error, the John P. Gorman Coal Company. It appears that the J. P. Burton Coal Company, after certain negotiations as to the adjustment or settlement of an account pending between the parties, on June 11, 1924, sent a check to the John P. Gorman Coal Company in the sum of $439.69, and indorsed thereon the following language: "In full settlement of our account to date." At this time a much larger sum was claimed in settlement of the account by the John P. Gorman Coal Company. Thereupon Gorman notified the J. P. Burton Coal Company that the check would not be accepted in full settlement of the account; or, in other words, the Gorman Company repudiated the check as a settlement of the account in full, and insisted that it would deposit the check to its account and collect the money. In pursuance of this notice the company indorsed upon the check, before depositing the same, the following language:

"Accepted as only partial settlement of account. Pay Phoenix National Bank & Trust Company, Lexington, Ky., or order. The John P. Gorman Coal Company."

It appears that the J. P. Burton Coal Company, after receipt of the aforesaid notice, instead of notifying the John P. Gorman Coal Company to return the check, and instead of forbidding payment thereon by the bank upon which it was drawn, and instead of protesting against the supplemental indorsement upon the check made by the John P. Gorman Coal Company, as heretofore mentioned, answered in substance that the matter was up to the John P. Gorman Coal Company,

which, in the face of the obvious duty to protest against the action threatened, was a practical acquiescence in the action threatened and taken by the John P. Gorman Coal Company in reference to the check. This state of the record bears no resemblance in our judgment to the principle contended for by the plaintiff in error, to wit, that the indorsement of the words, "in full settlement of our account to date," was accord and satisfaction. On the contrary, the only deduction from the interview between the parties after the receipt of the check was discord and dissatisfaction. The authorities cited by plaintiff in error to support the contention of accord and satisfaction do not contain the element which is vital in the case here, to wit, the interview between the parties subsequent to the receipt by Gorman of the check indorsed as payment in full. If the record in this case contained no fact or circumstance subsequent to the receipt of the check, excepting the cashing of the same, it might reasonably be inferred that the minds of both parties met, and that the cashing of the check upon its receipt, with knowledge of the special indorsement, was credible proof of accord and satisfaction, but there is no such situation in the case at bar, because of the supplemental interview to which reference is heretofore made. This interview disposes not only of the claim of accord and satisfaction after the sending and receipt of the check, but prior thereto.

In the final analysis, accord and satisfaction is a question of fact for the court or jury, and the court below, having heard the facts, decided in favor of the John P. Gorman Coal Company, and

if the case is reversed it should be on the ground that the judgment is clearly and manifestly against the weight of the evidence. The reviewing court has no right to disturb the verdict upon that ground unless there projects from the record some fact or circumstance which shocks the senses or makes it appear that a grave error and injustice has been done by a misapprehension of the facts in the record. No reversal upon this ground can be had except as a matter of law, and it cannot be done upon the mere opinion or whim of the reviewing court, even though it would have decided differently than the lower court had it heard the case in the first instance.

We are in accord with *Pitts* v. *Nat. Independent Fisheries Co.,* 71 Colo., 316, 206 P., 571, 34 A. L. R., 1033; *Worcester Color Co.* v. *Henry Wood's Sons Co.,* 209 Mass., 105, 95 N. E., 392, and many other authorities, upon the proposition that after all accord and satisfaction is a matter to be determined from the facts in the case, and the issue thus becomes one for the jury, or the court sitting in its stead.

From the *Worcester Color Co. case, supra,* touching this phase of the case, we refer to the following language, on page 109 (95 N. E., 394):

"It is not every use of the words 'in full to date' or equivalent phrase which constitutes an accord and satisfaction in connection with the payment of a controverted claim. Many cases have arisen where the conditions have been such as make it a question of fact whether there has been an accord and satisfaction even though these words

have been used where a payment has been made. This case falls within that class.

"It is rarely that a presiding judge can rule as matter of law that a burden of proof, depending upon inferences from circumstances and oral testimony, has been sustained. Usually a question of fact is presented."

As we view the case here, the evidence as to the interviews between the parties subsequent to the receipt of the check, and the cashing of the same, makes inapplicable the law laid down in *Schwartzenberg* v. *Mayerson* (C. C. A.), 2 F. (2d), 327, where it was held:

"Where accounts of plaintiff against defendant were in dispute, and defendant gave plaintiff's agent a check indorsed on the face 'in full to date,' which plaintiff, with knowledge of the indorsement, accepted and cashed, it was estopped to assert that it was not received in full satisfaction."

It is significant that estoppel, in the face of the interview just mentioned, would not apply as against the John P. Gorman Coal Company, but we are not so sure that it might not apply to the acquiescent attitude of the plaintiff in error with respect to the proposed action of the defendant in error with respect to the check upon its receipt.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.