## PERRYMAN v. BEAR MFG. CO.

Circuit Court of Appeals, Seventh Circuit.
January 2, 1929.

No. 4043.

John T. Evans, of Chicago, Ill., for appellant.

H. A. Weld, of Rock Island, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. In plaintiff's (appellant's) suit for discovery and accounting, defendant's (appellee's) motion to dismiss, because the bill showed plaintiff was not entitled to relief, was allowed.

The bill avers that plaintiff sold automobile accessories for an agreed commission, to be paid by defendant when and as payments were made to it. In November, 1924, defendant notified plaintiff that it intended to reduce the commission on some articles to one-third or less. Out of that notice, and plaintiff's refusal to accept the new terms, grew the sole controversy between the parties. About December 31, 1924, after a demand by plaintiff for a statement and payment of commissions, defendant sent to plaintiff through the mail a check with the words, "Settlement in full," written on its back. The letter said that a statement was inclosed, but there was none inclosed. After a time, plaintiff wrote defendant that he had applied the check on account. Defendant made no reply.

The sole basis of defendant's contention is that the use of the check was an acceptance of it in full settlement of plaintiff's commissions.

In January, 1925, defendant sent plaintiff a statement, but it did not show some commissions collected previously and not paid or accounted for to plaintiff. After January 1, 1925, defendant made payments of commissions earned prior to December 31, 1924, and not covered by the statement or the check.

There was no controversy about the number of sales made, nor about those for which defendant had made collections, nor as to those for which it had paid commissions. The accounts were necessarily kept by defendant, and plaintiff had the right to assume that those matters would be fully and truthfully reported to him.

Failure to object to the application of the check, as made by plaintiff on account, and the subsequent payment of additional items of commission, indicate that defendant did not intend to rely upon the use of the check as a settlement in full. Failure to include in the statement all items of commissions collected was either a fraud or a mistake, against which plaintiff is entitled to relief. Whether, without these matters, acceptance of the check would have constituted a settlement in full, we do not deem it necessary to determine.

It is directed that the order of dismissal be set aside and that the case be heard upon the merits.