Claude H. **WILMETH**, Plaintiff in Error,

v.

James M. **LEE** and Robert W. **Booth**, a partnership, doing business as Lee and Booth, Attorneys at Law, Defendants in Error.

No. 37672.

Supreme Court of Oklahoma.

·Oct. 8, 1957.

Donald L. Brown, D. K. Cunningham, Tulsa, for plaintiff in error.

E. P. Litchfield, Jr., Tulsa, for defendants in error.

CARLILE, Justice.

This action was brought to recover the balance due for services rendered defendant by the plaintiffs as attorneys. The record discloses that on a Saturday evening in September, 1954 plaintiff Lee went to the home of defendant and conferred with him and his wife relative to filing a divorce action. Having received the necessary information, on the following Monday morning he drew the petition and a waiver of service of summons. On advice of the husband that he and his wife had become reconciled the papers were never filed. No action for divorce was ever commenced. On the 12th day of September, 1955, plaintiffs mailed a statement for services in the amount of $125 to the defendant. On January 11, 1956, plaintiffs wrote the following letter addressed to the defendant:

"On September 12, 1955, we mailed you a statement in the amount of $125.00, to your home address, 2611 South Richmond, and again on October 4 a similar bill was mailed to you. We

note this bill has not been paid, and I am taking this opportunity to ask for an explanation on your part why you have not paid this account.

"As you will remember, your wife called me, with your consent, at the Country Club on a Saturday evening and asked that I come by your home, immediately. I did so and spent a considerable time with you and your wife, in an effort to work out your domestic problem. I was instructed by both you and your wife to draw up a divorce petition and a consent, general appearance and waiver of time to plead, and that both of you would be in to sign the same and have it filed in the proper court. Such was done on your behalf and at your request, and it was on the following Monday that you and your wife called and stated that you wanted to call the situation off, and that it would not be necessary to go through with it as you had instructed me on the previous Saturday.

"Since that time I have retained your file in this office and have billed you as above stated, and the bill has not been paid. It will be necessary for you, at this time, to make immediate arrangements to pay this bill else I will have no alternative than to turn it over to a firm to collect for us."

On March 21, 1956, defendant wrote the following letter to plaintiffs:

"Your letter of 1–11–56 addressed to Clyde H. Wilmuth has been delivered to the writer.

"Your invoice for $125.00 for the service that was rendered is ex*h*orbitant.

"My personal check in the amount of $25.00 is attached. This check is to be considered a compromise offer for settlement of this claim in full."

There was enclosed in this letter a check for $25.

On March 22, 1956, plaintiffs wrote the following letter:

"This will acknowledge receipt of your letter dated March 21, 1956, wherein you enclosed your personal check in the amount of $25.00. We appreciate payment on this matter.

"We do not accept your check, however, as a compromise settlement of our fee in full. We will expect you to pay the balance of $100.00 immediately, or the matter will be turned over to our collectors."

On March 26, 1956, the check enclosed in the letter of March 21, 1956, was deposited to the account of the partnership. At the time the check was deposited the words "payment in full", which had been written on the check by the defendant, had a line drawn through them with pen and ink. This cancellation of the phrase was done by one of the partners.

On a trial to the court, without a jury, judgment was rendered for plaintiffs for the sum of $100, the balance due on the $125 submitted as fee for services. This appeal is brought by the defendant.

Defendant argues that by accepting the $25 check that was enclosed in the letter of March 22, 1956, there was an accord and satisfaction.

Plaintiffs argue that by immediately writing and disaffirming any acceptance of the $25 as full payment they are legally entitled to accept the $25 and hold the defendant for the balance. In 75 A.L.R. 916, it is stated:

"Generally, where the amount due is unliquidated or disputed, and a remittance of an amount less than that claimed is sent to the creditor, together with a statement that it is in full satisfaction of the claim, and the tender is accompanied by such acts or declarations as amount to a condition that, if the remittance is accepted, it is accepted in full satisfaction of the disputed claim, and the creditor is aware of such conditions the acceptance of such a remittance constitutes an accord and satisfaction, although the creditor protests at the time that the amount ten-

dered is not accepted in full satisfaction."

The overwhelming weight of authority follows this rule. We think it is the better rule.

Although we have not considered a similar case so far as we can find we have stated the rule and approved it in the following cases: Davis v. Davis, 103 Okl. 83, 229 P. 479; Kubatsky v. Pittsburg Plate Glass Co., 119 Okl. 236, 249 P. 412; Metropolitan Life Ins. Co. v. Richter, 173 Okl. 489, 49 P.2d 94; Commercial Union Assur. Co., etc. v. Creek Cotton Oil Co., 96 Okl. 189, 221 P. 499; Sanditen v. Allied Refining Co., 84 Okl. 47, 202 P. 316.

Plaintiffs cite King v. Davis, 196 Okl. 277, 164 P.2d 639, which was an action for the customary five per cent commission on sale of real property. Defendant claimed an oral contract for two and one-half per cent. The case does not involve accord and satisfaction. It is not in point.

A very similar situation was considered in Johnston v. Burnett, 17 Cal.App. 497, 120 P. 436, 438. Therein it is stated:

"* * * It was said in Nassoiy v. Tomlinson, 148 N.Y. 326, 42 N.E. 715, 51 Am.St.Rep. 695, where a similar case was considered: 'The plaintiff cannot be permitted to assert that he did not understand that a sum of money, offered "in full" was not, when accepted, a payment in full. * * * He was bound either to reject the check, or, by accepting it, accede to the defendant's terms. * * * He could not accept the benefit, and reject the condition. * * * The use of the check was ipso facto an acceptance of the condition. The minds of the parties then met, so as to constitute an accord.' * * *"

In Lapp-Gifford Co. v. Muscoy Water Co., 166 Cal. 25, 134 P. 989, 990, it is stated:

"The great weight of authority in American courts undoubtedly supports the rule that, where the amount due is in dispute, and a check for an amount less than that claimed is sent to the creditor, with a statement that it is sent in full satisfaction of the claim, and the tender is accompanied by such acts or declarations as amount to a condition that, if the check is accepted at all, it is accepted in full satisfaction of the disputed claim, and the creditor so understands, its acceptance by the creditor constitutes an accord and satisfaction, even though the creditor states at the time that the amount tendered is not accepted in full satisfaction. * * *."

In Deuches v. Grand Rapids Brass Co., 240 Mich. 266, 215 N.W. 393, the acceptance of a check marked payment in full was held binding on the creditor even though without the consent of the debtor the creditor had obliterated the words showing payment in full.

Plaintiffs cite Perryman v. Bear Mfg. Co., 7 Cir., 29 F.2d 835; J. P. Burton Coal Co. v. John P. Gorman Coal Co., 22 Ohio App. 383, 153 N.E. 863; and Haddow v. J. L. Owens Co., 172 Wis. 391, 179 N.W. 508. In each of these cases cited there is some incident or happening which would lead to a conclusion that there was no accord and satisfaction, or they follow the minority rule announced by some courts. In the case under consideration there could be no doubt about the position of the defendant. The acceptance of the check was an accord and satisfaction.

The cause is reversed and remanded with directions to the trial court to vacate the judgment entered for the plaintiffs, and to enter judgment for the defendant.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.