Paul William **POLIN** and Marsha Polin, Appellants,

v.

**AMERICAN PETROFINA COMPANY OF TEXAS**, Appellee.

No. 49503.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 26, 1978.

Released for Publication by Order of Court of Appeals Jan. 18, 1979.

gations of damages, and defendant asked for judgment for the balance due on the account. Trial before a jury resulted in no recovery for plaintiffs, but a verdict for defendant for the balance due on the account in the amount of $142.60.

Plaintiffs, Paul William Polin and Marsha Polin, have appealed. Defendant is the American Petrofina Company of Texas. Reference will be made to the parties as the Polins and Fina.

Four issues are presented, namely: (1) Whether there was an accord and satisfaction between the parties in 1967; (2) whether a counterclaim based on contract can be filed in a tort action; (3) whether the trial court should have instructed a verdict for the plaintiffs; and (4) whether the counterclaim is barred by the statute of limitations.

Fina is in the service station business. In the year of 1967 the Polins were customers of Fina. They purchased gasoline and oil from time to time at Fina stations using their credit cards from Fina, Conoco and Texaco. As a result, three different bills were sent by Fina to the Polins.

On December 15, 1967, Mr. Polin mailed a check to Fina for $135.08. On the back of the check was the legend "Payment in Full for Account Owing." Fina deposited the check along with thousands of other checks. There was a balance owing, and Fina continued to bill the Polins, but they refused to make any further payment. Then letters of demand and telephone calls followed, which resulted in this suit.

On the issue of accord and satisfaction, the Polins cite the case of *Wilmeth v. Lee,* Okl., 316 P.2d 614, as being the closest in point on the facts. In *Wilmeth,* a lawyer drew up divorce papers which the parties involved did not use. The lawyer billed the client for $125. In response the client wrote the lawyer a letter which read in part:

Your invoice for $125.00 for the service that was rendered is exhorbitant. (sic)

My personal check in the amount of $25.00 is attached. This check is to be

Paul William Polin, and Marsha Polin, pro se.

Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc. by Thomas R. Brett, Tulsa, for appellee.

ROMANG, Judge:

This is a suit for damages for alleged invasion of privacy and harassment by telephone calls in connection with the collection of an account. Defendant filed an Answer and Counter-Claim denying plaintiffs' alle-

considered a compromise offer for settlement of this claim in full.

The opinion in that case reads:

On March 26, 1956, the check enclosed in the letter of March 21, 1956, was deposited to the account of the partnership. At the time the check was deposited the words "payment in full", which had been written on the check by the defendant, had a line drawn through them with pen and ink. This cancellation of the phrase was done by one of the partners.

There, the amount owed was in dispute, but here the amount owed is evidenced by signed receipts.

In *Hodges v. Anderson Drilling Co.,* Okl., 465 P.2d 784, the opinion reads:

An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to; and a satisfaction is the execution of such agreement.

\* \* \* \* \* \*

A plea of defense setting up accord and satisfaction must allege some consideration for the agreement, . . . . If there is no consideration other than the mutual concessions of the parties, a plea of accord and satisfaction alleging payment and acceptance of a less amount in satisfaction of a larger amount claimed must allege that the amount of indebtedness was unliquidated and in dispute.

In *Gooldy v. J. B. Klein Iron & Foundry Co.,* 170 Okl. 466, 40 P.2d 1070, the syllabus states:

The defense of accord and satisfaction must not only be properly pleaded, but the evidence must show a meeting of the minds of the new promise, and that it was made and accepted with the purpose and intent that it should operate as a discharge of the prior obligation, and the purpose and intent is a question of fact for the court or jury to determine.

We hold that the Polins failed to prove an accord and satisfaction in the present case.

The second question is whether Fina can file a counterclaim based on contract in a tort action.

12 O.S.1971, § 323 provides in part:

All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action.

In *Chicago, Rock Island & Pacific R. Co. v. Davila,* Okl., 489 P.2d 760, the opinion reads:

[T]he pertinent provisions of that statute are:

(a) All claims which arise out of the transaction or occurrence,

(b) that is the foundation of plaintiff's claim and

(c) which contain common questions of fact,

(d) may be joined in one action, and

(e) any person who is liable on such claim

(f) may be joined as a party to the action.

\* \* \* \* \* \*

Section 323, supra, was enacted to authorize the joinder and adjudication in one action of all claims that arise out of the same transaction and contain common fact issues. Its obvious object is to prevent multiplicity of litigation in related claims with common fact questions. In view of the broad language and the beneficent purpose of the statute, we are not justified in hindering its use by an overly restrictive construction.

We find absolutely nothing in the enactment that would afford a basis for requiring that all questions of fact be common to both claims. Nor do we find a basis for requiring that the theories of recovery must be the same, i. e. that the claims all be based on either contract or tort.

Also see in this connection, 12 O.S.1971, § 324.

In the present case, both the counterclaim and the alleged tort action grow out of the Polins' purchase of gasoline and oil at Fina's service stations. Thus, the two claims arise out of the same transactions and contain common questions of fact. We hold that the contract counterclaim was properly filed in the tort action.

■ The third question is whether the trial court should have instructed a verdict for the Polins. In view of the disputed questions of fact and the applicable law, it would have been error to instruct a verdict for the Polins. See *Commonwealth Life Insurance Company v. Gay,* Okl., 365 P.2d 149, and *Simone L. Munley v. ISC Financial House, Inc.,* 49 O.B.J. 1797 (Sept. 30, 1978).

■ This leaves for consideration the question of the statute of limitations as regards the counterclaim of Fina. It is undisputed that the Polins mailed their last payment on the account on December 15, 1967. This action was filed on July 22, 1971, which was within five years of the last payment. The amount owed was evidenced by written receipts signed by one or the other of the Polins. Thus, the obligation was in writing signed by the Polins. Therefore, the applicable statute of limitations is 12 O.S.1971, § 95, First, which is five years.

12 O.S.Supp.1974, § 273, provides in pertinent part:

> Any claim which a defendant may assert against another party to the action shall not be barred by the statutes of limitations but shall be deemed tolled by the timely commencement of the plaintiff's action for so long as the plaintiff's claim may be litigated.

We conclude that Fina's counterclaim was not barred by the statute of limitations, and the judgment for Fina should be affirmed.

AFFIRMED.

BOX, P. J., and REYNOLDS, J., concur.