**CONTINENTAL NATURAL GAS, INC.,**
Appellee/counter-appellant,

v.

**MIDCOAST NATURAL GAS, INC.,**
Appellant/counter-appellee.

No. 85922.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Dec. 10, 1996.

Steven K. Balman, Bond & Balman, Tulsa, for Appellant/counter-appellee.

James W. Rusher, Heath E. Hardcastle, Albright & Rusher, P.C., Tulsa, for Appellee/counter-appellant.

## OPINION

JOPLIN, Judge:

Appellant/counter-appellee Midcoast Natural Gas, Inc. (Midcoast) seeks review of the trial court's orders denying Midcoast's motions for summary judgment, directed verdict and judgment *non obstante verdicto*, and awarding Appellee/counter-appellant Continental Natural Gas, Inc. (Continental) attorney fees after judgment on jury verdict for Continental in Continental's action for recovery of value of natural gas allegedly sold and delivered under contract, alleging error of the trial court (1) denying Midcoast's motions for summary judgment/directed verdict/judgment *n.o.v.*, the uncontroverted evidence showing an accord and satisfaction of the disputed debt, and (2) in awarding Continental allegedly excessive attorney fees. In the counter-appeal, Continental seeks review of the judgment on jury verdict awarding pre-

judgment interest, alleging miscalculation thereof under the parties' contract.

Continental and Midcoast entered a contract by the terms of which Continental agreed to sell and Midcoast agreed to buy natural gas. The terms of the contract further provided in pertinent part:

Any payments due which are not received by seller on or before the date which is thirty (30) days after the due date for such payment shall thereafter bear interest at the maximum rate allowed by law.

. . . . .

In the event any action is brought to enforce, or for the breach of, any provision of this Agreement, the prevailing party shall be entitled to recover its costs and expenses, including attorney's fees, associated with such action.

A dispute subsequently arose concerning amounts owed by Midcoast for "commodity gas" supplied under the contract. After some discussion, and Midcoast apparently believing the parties had agreed on the sum due and owing, Midcoast tendered a sum by check bearing the notation "payment in full" to Continental's "lock-box" account. Continental, apparently without appreciation of the "payment in full" notation, negotiated the check. Upon "discovery" of the restrictive notation, Continental notified Midcoast that Continental did not intend to accept the tendered check as payment in full.

Continental thereafter commenced the instant case in April 1992, seeking recovery of about $15,000.00 as remaining due and owing under the parties' contract.[1] In January 1993, Continental subsequently filed a motion to set for pre-trial conference, to which Midcoast's then-counsel objected as premature, discovery having yet to be completed. In September 1993, Midcoast's then-counsel subsequently withdrew, and substitute counsel entered an appearance. In July 1994, Midcoast filed an amended answer asserting additional defenses, and did not consent to pre-trial conference until November 1994. Midcoast also filed two motions for summary

judgment, one in August 1994 and another in January 1995, asserting entitlement to judgment as a matter of law, and argued that Continental's acceptance of the "payment in full" check constituted an accord and satisfaction.

The trial court denied Midcoast's motions for summary judgment, and the matter proceeded to jury trial. At the close of the evidence, Midcoast moved for directed verdict, again asserting accord and satisfaction, which the trial court denied. Upon consideration of the evidence, the jury returned a verdict for Continental awarding about $10,-000.00 in damages and about $5,000.00 in interest at the rate of eleven and one-quarter percent (11.25%). Midcoast moved for judgment *n.o.v.* on the accord and satisfaction issue, which the trial court denied.

Continental subsequently filed a post-judgment motion for assessment of prevailing party attorney's fees. At hearing thereon, Continental presented expert testimony tending to show that absent the delay, a reasonable attorney's fee would be between $25,000.00 and $26,000.00; Midcoast presented expert testimony that a reasonable attorney's fee should not exceed about $17,000.00. On consideration of the evidence, the trial court awarded Continental about $35,000.00 in attorney's fees representing a sum equal to the verdict with interest, together with an additional amount of about $19,000.00 attributable, according to Continental's evidence accepted by the trial court, *inter alia*, to the delay between Continental's first motion to set for pre-trial conference in January 1993 and the joint motion for pre-trial in November 1994, caused by Midcoast. The parties appeal as aforesaid.

▆ In the principal appeal, Midcoast argues the trial court erred, at each time the issue was raised, in failing to grant relief on the accord and satisfaction defense. In this proposition, Midcoast asserts that Continental's acceptance and negotiation of the tendered check bearing the notation "payment in full" constitutes an accord and satisfaction, and hence, a complete defense to Continen-

---

**1.** After discovery and prior to trial, Continental reduced its allegation of unpaid sums from $15,- 000.00 to $10,000.00.

tal's claim. *See, Wilmeth v. Lee,* 316 P.2d 614 (Okla.1957). However, application of the accord and satisfaction defense requires that the parties intend to discharge the underlying obligation, i.e., a meeting of the minds, and "the purpose and intent [of the parties, where disputed] is a question of fact for the ... jury to determine." *Polin v. American Petrofina Co. of Texas,* 589 P.2d 240, 242 (Okla.App.1978). Having reviewed the evidence adduced on summary judgment and trial of the case, we find reasonable minds might differ on whether Continental intended to accept Midcoast's tendered check in discharge of the disputed sum, and we hold the trial court properly denied summary judgment and submitted the issue to the jury, as well as denying Midcoast post-judgment relief based on the defense of accord and satisfaction. *See, e.g., Weldon By and Through Weldon v. Seminole Mun. Hosp.,* 709 P.2d 1058 (Okla.1985) (standard of review re: summary judgments); *Middlebrook v. Imler, Tenny & Kugler, M.D.'s, Inc.,* 713 P.2d 572 (Okla.1985) (standard of review re: demurrer to the evidence/directed verdicts); *McInturff v. Oklahoma Natural Gas Transmission Co.,* 475 P.2d 160 (Okla.1970) (standard of review re: judgment *n.o.v.*).

Midcoast also asserts the trial court abused its discretion in awarding clearly excessive fees. Here, says Midcoast, the amount awarded bears no reasonable relationship to the amount in controversy or recovery, and that Midcoast caused no delay as to warrant the award of attorney's fees allegedly attributable thereto. Continental responds, arguing that the parties' agreement permitting an award of attorney's fees does not require that the amount thereof be "reasonable," and that Continental incurred additional attorney's fees it would not have incurred but for Midcoast's resistance to Continental's motion for pre-trial conference in January and subsequent delay until the joint motion for pre-trial in November 1994.

■ Attorney's fees must in all cases be reasonable. Rule 1.5(a), Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A. This is so whether the fees are fixed or contingent. *Sneed v. Sneed,* 585 P.2d 1363 (Okla.1978); *Security National Bank of*

*Enid v. Bonnett,* 623 P.2d 1061 (Okla.App. 1980). As elsewhere noted, "[A]n attorneys' fee must bear some reasonable relationship to the amount in controversy." *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.,* 737 P.2d 1186, 1189 (Okla.1987). What constitutes a reasonable fee constitutes a matter addressed to the sound discretion of the court to be determined on consideration of various factors, and the trial court's judgment thereon will not be disturbed absent a showing of abuse of discretion. *Southwestern Bell Telephone Co.,* 737 P.2d at 1189; *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okla.1979). In other words, the trial court's award or denial of attorney fees is presumed correct in the absence of record to the contrary. *Mitchell v. Kimbrough,* 491 P.2d 289 (Okla.1971).

■ In the instant case, Continental presented evidence to the effect that over $19,000.00 of the requested $40,000.00 in attorney's fees were solely attributable to Midcoast's delay in bringing the case to trial. Apparently based thereon, the trial court so concluded, yet also found that *both* Continental *and* Midcoast bore responsibility for the increased attorney's fees incurred in the case. Under these circumstances, and further finding the trial court's award in our opinion bears no reasonable relationship to the amount in controversy or recovery, we consequently conclude the trial court abused its discretion in awarding Continental over $35,000.00 in attorney's fees. We therefore hold the order to that effect should be modified to reflect an award of $25,000.00 representing an attorney's fee equal to the amount of recovery (as the trial court determined reasonable) together with approximately one-half of the amount ostensibly attributable to delay.

In the counter-appeal, Continental asserts the jury erred in awarding interest on the recovery at only 11.25%, contrary to the specific jury instruction directing assessment of interest in accord with the parties' contract term for interest at the "maximum rate allowed by law," which at the time of judgment stood at forty-five percent (45%). Oklahoma Constitution, Art. 14, § 2; 14A O.S.1991 §§ 3–605, 5–107(2); *Barnes v. Helfenbein,*

548 P.2d 1014 (Okla.1976). Midcoast responds, arguing, *inter alia,* that Continental at no time after verdict or before entry of judgment thereon raised the issue of improper assessment of interest before the trial court, thus waiving any complaint in this particular.

On this issue, we agree with Midcoast and find the issue not properly tendered for our review. That is, while Oklahoma law no longer requires filing of a motion for new trial as a condition precedent to appeal, the parties cite and we find no authority altering the rule that a party will not be permitted to raise issues on appeal which were not raised in the trial court. *Cf.,* 12 O.S. 1991 § 991; Rules 1.11, 1.18, Rules of Appellate Procedure in Civil Cases, 12 O.S., Ch. 15, App. 2.; *with, Bane v. Anderson, Bryant & Co.,* 786 P.2d 1230, 1236 (Okla.1989) ("[A] party who fails to preserve an issue for appeal by objecting in a timely manner ... has waived review of that issue.") For instance, one may not challenge sufficiency of the evidence to support the jury's verdict by motion for new trial or on appeal unless the challenging party has first given the trial court the opportunity to rule on sufficiency of the evidence by demurrer to the evidence and motion for directed verdict. *See, e.g., Birmingham Steel & Supply, Inc. v. Smithco Mfg. Co.,* 399 P.2d 471 (Okla.1965). The reason for the rule is well-established, i.e., "to call attention to the alleged error at a time when the trial court could reasonably be expected to correct it. *Gaines v. Sun Refinery and Marketing,* 790 P.2d 1073 (Okla.1990)." *Matter of C.A.R.,* 882 P.2d 582, 585 (Okla.App.1994). In the present case, the verdict form returned by the jury clearly reveals the jury's calculation of interest at a rate otherwise than as instructed, yet Continental acquiesced to entry of judgment on the jury verdict without objection. *See also, e.g., Oxley v. City of Tulsa, By and Through Tulsa Airport Authority,* 794 P.2d 742 (Okla.1989), *cert. den.,* 493 U.S. 1077, 110 S.Ct. 1128, 107 L.Ed.2d 1034 (Objection to form of jury verdict was deemed waived, where plaintiff did not request special interrogatory prior to discharge of jury.) Under these circumstances, we hold Continental has waived the error of the jury in the calculation of interest by failing to promptly object before the trial court.

The orders of the trial court denying Midcoast's motions for summary judgment/directed verdict/judgment *n.o.v.* on the issue of accord and satisfaction, and entering judgment on the jury verdict are AFFIRMED. The order of the trial court awarding Continental attorney's fees is AFFIRMED AS MODIFIED.

HANSEN, P.J., and BUETTNER, J., concur.