2006 OK CIV APP 124

**Philip Raun ATKINSON, Petitioner/Appellee,**

v.

**Roselma Ersilia ATKINSON, Respondent/Appellant.**

**No. 102,303.**

Court of Civil Appeals of Oklahoma, Division 2.

May 16, 2006.

As Corrected on Denial of Rehearing June 16, 2006.

Certiorari Denied Sept. 25, 2006.

Robert M. Carleton, Ardmore, for Appellant.

David G. Mordy, Ardmore, for Appellee.

JERRY L. GOODMAN, Judge.

¶ 1 Roselma Ersilia Atkinson (Mother) appeals from the trial court's June 13, 2005, order granting a motion to modify child custody filed by her former husband Philip Raun Atkinson (Father). Based upon our review of the facts and applicable law, we reverse and remand with instructions.

## FACTS

¶ 2 The parties were married on November 12, 1994, and two children were born of the marriage, D.A. on May 25, 1995, and A.A. on April 7, 2001. Mother has two children from a prior relationship. The parties divorced on September 4, 2002, with the agreement that custody of D.A. would remain with Father and custody of A.A. would remain with Mother. Extensive visitation, child support, and property division were also agreed upon.

¶ 3 Mother subsequently remarried and in March of 2005, advised Father that she was contemplating relocating with A.A. to Friendswood, Texas, where her family lived and where she and her husband could find better employment opportunities. Father objected to the potential move and on April 1, 2005, Father filed an objection to relocation and a motion to modify custody "in the

event" Mother carried through with moving to Texas. A hearing was set for May 9, 2005.

¶ 4 On April 11, 2005, Mother filed a combined response, counterclaim, and motion to dismiss. The motion to dismiss asserted Father had failed to state a claim upon which relief could be granted because Mother was not required to give written notice of intent to relocate under 43 O.S. Supp.2002, § 112.3 unless and until that decision was made. Father filed an answer on May 2, 2005, denying the action was premature.

¶ 5 Both parties appeared for the May 9, 2005, hearing. The court, however, rescheduled the hearing due to the court's full docket. On May 10, 2005, Mother notified Father pursuant to § 112.3 of her intention to relocate to Texas. On May 12, 2005, Father filed another objection. Mother subsequently filed a motion to modify the divorce decree on May 18, 2005, seeking additional child support.

¶ 6 A hearing was ultimately held on May 23, 2005, on Father's motion to modify custody and objection to relocation. Both parties presented witnesses and evidentiary support. Father testified that relocating to Texas was not in the best interest of A.A. or D.A. Father stated he and A.A. have a wonderful relationship and that A.A. and D.A. have a very loving brother and sister relationship that would be devastated by the move, the effect of which was already showing on D.A. Father also testified he has a stable work environment, he owns his own home, each child has his or her own room, and he is very active in the children's lives. Father pointed out that Mother, on the other hand, had seven (7) people living in her home, eight (8) when D.A. visits, and is not very active in D.A.'s life. Finally, Father testified he does not believe Mother is a good mother and that he should have custody of A.A.

¶ 7 D.A.'s teacher testified she had noticed recent behavioral changes in D.A. and even questioned Father regarding any problems at home. Teacher believes D.A. is upset about the proceedings and his Mother and A.A. moving away from him. Lori Hoben testified Father is a wonderful father and that A.A. and D.A. have a close, loving relationship which would be adversely affected if A.A. moved.

¶ 8 Mother testified she is employed as a licensed practical nurse (LPN) and that she and Stepfather decided to relocate to Texas because it was in the best interest of the entire family. Mother stated she would be closer to her family, she could earn double what she was currently making, and that Stepfather would have the opportunity to go to school to become a firefighter. Mother would continue the relationship between A.A., D.A., and Father with extensive visitation. Mother stated she would not relocate if she could not take A.A.

¶ 9 Stepfather testified he has been married to Mother for approximately one (1) year and has two (2) children from a previous relationship that are currently living with them. Stepfather admitted he had previously taken a firefighter's test for the City of Ardmore and had failed. Stepfather acknowledged there were available firefighter training courses in Oklahoma and that he could re-test for the City of Ardmore, which had available positions. Stepfather is currently a waiter and has held multiple jobs over the past year-and-a-half. Stepfather testified when they relocate he will be waiting tables at a restaurant. Mother and Stepfather also plan on financing the move with two (2) loans and, as of now, they have not found a place to live in Texas. Finally, Stepfather testified the family regularly attends church.

¶ 10 Mother's landlord, neighbor, and pastor's wife all testified that Mother is a very good mother who disciplines appropriately and that she loves A.A. very much. Mother also introduced a letter written by Father on February 2, 2003, which provided: "I know her to be a devoted and loving mother who raises her children in a Christian environment and takes the responsibility of motherhood very seriously."

¶ 11 Following testimony of the parties and witnesses, the trial court granted Father's motion to modify custody, thereby placing custody of A.A. with Father. The court did not expressly rule on Father's objection to relocation. Mother appeals the custody ruling.

## STANDARD OF REVIEW

¶ 12 Custody orders will not be disturbed on appeal unless found to be against

the clear weight of the evidence. *Hoedebeck v. Hoedebeck*, 1997 OK CIV APP 69, ¶ 12, 948 P.2d 1240, 1243 (citations omitted). "In reviewing such custody orders, deference will be given to the trial court since the trial court is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor." *Id.* at ¶ 10, at 1243.

## ANALYSIS

¶ 13 In her first proposition of error, Mother asserts the trial court erroneously granted Father's motion to modify custody. We agree. However, before we can correctly analyze this case, we must sort through the tangle of procedures created by the trial court's failure to recognize and apply the appropriate statute to the issues presented.

¶ 14 To change the custody of a child from a custodial parent to a non-custodial parent, the moving party proceeds pursuant to 43 O.S.2001, § 112(A)(3). Section 112(A)(3) authorizes a trial court to modify a child custody order or decree of divorce "whenever circumstances render the change proper ...." The dispositive case interpreting this procedure is *Gibbons v. Gibbons*, 1968 OK 77, 442 P.2d 482.

¶ 15 In *Gibbons*, the Oklahoma Supreme Court required a parent seeking to change a custody agreement or order to show: (a) a permanent, substantial, and material change of conditions which directly affect the best interests of the minor child, and (b) as a result of such change in conditions, the minor child would be substantially better off, with respect to its temporal and its mental and moral welfare, if the requested change in custody be ordered. *Gibbons*, 1968 OK 77, at ¶ 12, 442 P.2d at 485. In a hearing upon a

motion to modify, the burden is upon the applicant to show a substantial change in conditions since the entry of the last order or decree which bears directly upon the welfare and best interest of the child. *Stephen v. Stephen*, 1997 OK 53, ¶ 4, 937 P.2d 92, 94.

██ ¶ 16 In the present case, the trial court did not apply the *Gibbons* standard to Father's motion to modify. Rather, the court looked to 43 O.S. Supp.2002, §§ 112.3(I) and (J), the relocation statute, when it determined Father's motion to modify should be granted. This was error. The proper procedure is to first address Father's objection to Mother's proposed relocation.

¶ 17 The record indicates that after Mother gave Father notice that she might relocate, Father filed an objection to relocation and a motion to modify custody "in the event" Mother carried through with the relocation. At the time, Mother had not followed the specific procedures spelled out in the relocation statute. Mother subsequently complied with the various requirements of 43 O.S. Supp.2002, § 112.3. This statute provides, among other things, that the non-custodial parent must receive notice of the relocation and, upon filing an objection, is entitled to a hearing. *Id.* This is the posture of the case at the time it came before the trial court.

¶ 18 At this time, the trial court should have proceeded exclusively under the relocation statute. The trial court should have first determined whether Mother had complied with the requirements of the relocation statute and the merit or non-merit of Father's objection to such relocation under the factors listed in § 112.3(J)(1).[1] Assuming Father's objection to the relocation was valid, Mother would not be permitted to relocate with the child, thus providing Father with

---

1. These factors include: a) the child's relationship with the relocating parent and with the non-relocating parent and siblings; b) age, needs, and likely impact of the relocation on the child; c) feasibility of preserving relationship with non-relocating parent and child; d) child's preference; e) whether the relocating parent seeks to promote or thwart the child's relationship with the non-relocating parent; f) whether the relocation will enhance the quality of life for both the child and the relocating parent; g) reasons for each parent for seeking and opposing the relocation; and h) any other factor affecting the best

interest of the child. *See* 43 O.S. Supp.2002, § 112.3(J)(1)(a-h). "The relocating person has the burden of proof that the proposed relocation is made in good faith. If that burden of proof is met, the burden shifts to the nonrelocating person to show that the proposed relocation is not in the best interest of the child." *See* 43 O.S. Supp. 2002, § 112.3(K). *See also* 10 O.S.2001, § 19 (A parent entitled to the custody of a child has a right to change his residence, subject to the power of a district court to restrain a removal which would prejudice the rights or welfare of the child).

the appropriate remedy and relief under the relocation statute.

¶ 19 If Mother were permitted to relocate with the child, the court could proceed with Father's contingent motion to modify custody in the event Father still wished to proceed. At this point, evidence would be presented from which the required findings under *Gibbons* would be made. Pursuant to § 112.3(I) of the relocation statute, the proposed relocation of the child could become "a factor" in considering a change of custody under the *Gibbons* analysis. However, the standard expressed in *Gibbons* remains the standard for modifying custody orders, regardless of whether the requested modification is prompted because of a proposed relocation. The objection to relocation and the modification of custody are two (2) distinct issues. It is axiomatic that a custody order may not be modified unless the non-custodial parent demonstrates a permanent, substantial, and material change of circumstances which directly and adversely affects a child in such a material way that as a result the child would be substantially better off if custody were changed to the other parent. *Abbott v. Abbott,* 2001 OK 31, ¶ 8, 25 P.3d 291, 293–94.

¶ 20 At the hearing on May 23, 2005, in reaching its decision on Father's motion to modify custody, the trial court specifically noted that it was considering the factors in § 112.3(J), the relocation statute, in reaching its decision. The record does not provide that the trial court considered or applied the *Gibbons* standard to Father's motion to modify custody. This was error.

¶ 21 Upon reviewing the record, the clear weight of the evidence does not support a change of custody. The only evidence that might tend to support a change of custody was the intended relocation to Texas. However, this is only one factor the court may consider in modifying custody. *See* 43 O.S. Supp.2002, § 112.3(I). The evidence presented to the trial court established Mother has been the principal care-giver for A.A.'s entire life, she is gainfully employed, she and the children attend church regularly, and that she is a loving, caring mother who disciplines her children appropriately. The evidence also included a letter from Father that he believed Mother was a loving and devoted

mother "who raises her children in a Christian environment and takes the responsibility of motherhood very seriously."

¶ 22 Although there is evidence that Father is a loving and caring father and that the trial court believed Father to be more "stable" than Mother, this is insufficient to support of change of custody. A change of custody away from Mother should not have been ordered by the trial court absent some clear indication that a modification was warranted by a permanent, substantial, and material change of circumstances which directly and adversely affected the minor child. The trial court's order modifying custody was in error and is reversed. Accordingly, we reverse and remand with instructions for the trial court to proceed with a new hearing under the relocation statute, consistent with this opinion. Since Father filed both an objection to relocation and a contingent motion to modify custody, if the relocation decision is adverse to Father, he may still proceed with his motion to modify, consistent with this opinion, if he so chooses.

¶ 23 In her second proposition of error, Mother asserts she was not afforded due process at the May 23, 2005, hearing because the trial court did not address her motion to dismiss for failure to state a claim upon which relief can be granted. Father disagrees and asserts the motion to dismiss was mooted by Mother's action in filing a written notification of intent to relocate under § 112.3 prior to the hearing.

¶ 24 At the hearing on May 23, the trial court and parties discussed what the hearing would entail. Mother's counsel stated the parties were there on Father's motion to modify and objection to relocation, wherein he asserted he was not given proper notice of Mother's intent to relocate as required under § 112.3. The trial court noted, however, that prior to the hearing Mother had provided Father with written notice of her intent to relocate as provided under § 112.3 and that Father had promptly filed a subsequent objection. The court concluded it would proceed with Father's objection and motion to modify custody as an amendment. Mother did not object.

¶ 25 We find no error. Mother's action in filing written notification under § 112.3

mooted the issue presented in her motion to dismiss. Furthermore, with respect to Mother's counterclaim, Mother did not present a claim in the motion. Thus, there was nothing for the trial court to address. Accordingly, we reject this contention of error.

¶ 26 For a final proposition of error, Mother asserts § 112.3 violates the Fourteenth Amendment, the Privileges and Immunities Due Process Clause, Art. 2, § 7 of the United States Constitution, 10 O.S.2001, § 19, and is vague and overbroad. These allegations of error were not included in Mother's motion for new trial. Ordinarily, issues not properly presented to the trial court or preserved in a motion for new trial cannot be reviewed on appeal. *See* 12 O.S. 2001, § 991(b); *Continental Nat. Gas, Inc. v. Midcoast Nat. Gas, Inc.,* 1996 OK CIV APP 157, 935 P.2d 1185. Finding no reason to except Mother's contention of error from this general rule, we decline to consider the proposition further. Accordingly, we reject this proposition of error.

¶ 27 REVERSED AND REMANDED WITH INSTRUCTIONS.

WISEMAN, P.J., and RAPP, V.C.J. (sitting by designation), concur.